STATE of Missouri, Respondent,

v.

Robert OLDHAM, Appellant.

No. 46647.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 16, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 4, 1983.

Application to Transfer Denied
Nov. 22, 1983.

Debra Buie Arnold, Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Appellant, Robert Oldham, was convicted in a jury trial of burglary in the second degree. § 569.170, RSMo (1978). He appeals from his subsequent sentence of six years' imprisonment as a persistent offender. § 558.016, RSMo (1978). We affirm.

Appellant does not challenge the sufficiency of the evidence. Briefly stated, it shows that he was seen carrying a table stolen from the burglarized house. He was arrested directly across the street. When he was searched, a pair of scissors, stolen from the house, was found in his pocket. Appellant did not testify in his own behalf nor did he present any evidence.

The sole point raised on appeal is the prosecutor's alleged reference to appellant's failure to testify. Appellant concedes that this contention is not properly preserved for appellate review. He therefore seeks review in this court under plain error pursuant to Rule 30.20.

During closing argument the prosecutor, without objection, referred repeatedly to the State's evidence as "uncontradicted." Appellant argues that the cumulative effect of these statements constituted an impermissible comment on his failure to testify.

Section 546.270, RSMo (1978) and Rule 27.05 prohibit any reference to a defendant's failure to testify in his own behalf. A mere statement that the evidence is "uncontradicted" does not, however, constitute the direct and certain reference necessary to pass the bounds of permissible argument. *State v. Robinson*, 641 S.W.2d 423 (Mo. banc 1982). In this case the prosecutor did not attempt to connect his comments on the evidence with appellant's failure to testify. Thus, there was no violation of the statute or the rule. Appellant's contention is denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.