STATE of Missouri, Plaintiff-Respondent,

v.

Eric BOYD, Defendant-Appellant.

No. 47328.

Missouri Court of Appeals, Eastern District, Division Three.

April 2, 1985.

Lew Anthony Kollias, Public Defender, Columbia, for defendant-appellant.

Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KELLY, Judge.

Eric Boyd appeals from a judgment of the Circuit Court of the City of St. Louis convicting him of burglary in the second degree, § 569.170, RSMo 1978. He was sentenced to three years imprisonment in the custody of the Department of Corrections and Human Resources and was fined $100.00. Execution of his sentence was suspended for a period of two years and appellant was placed on probation for that period.

Appellant does not challenge the sufficiency of the evidence to support his conviction; therefore it is sufficient to state that there was evidence from which the jury found, beyond a reasonable doubt, that appellant and several companions burglarized the residence of Rose Holschen at 4755 Genevieve Avenue, in the City of St. Louis during the evening of August 8, 1983.

On appeal the appellant raises two grounds for reversal of his conviction. He initially contends the trial court erred in overruling his request for a mistrial after a state's witness, Nathaniel J. Martin, on cross-examination mentioned another burglary repeatedly to the prejudice of the appellant. The incident of which appellant complains arose during defense counsel's questioning of the witness relative to his conversation with the police, and is as follows:

[Defense Counsel] Q: Did you have occasion to talk to the police officers at that time about the incident?

[State's Witness] A: That day? No.

Q: Okay. Now you did talk to an officer later on August 26th about it; isn't that correct?

A: This burglary along with another one.

Q: Well, just answer my question.

A: Yes.

Q: On August 26th did you have occasion to talk to the police about this burglary?

A: On August 26th?

Q: Roughly—Not quite three weeks later. Officer Loehr.

A: Right. We was talking about this one along with the other one.

Q: (By Mr. Walsh) Mr. Martin, you talked to them on August 26th, okay? And we're talking about this burglary at the Holschen residence, okay? Prior to that date had you told any police officer anything about the burglary of Mrs. Holschen's house?

A: You said prior to that—

Q: Prior to August 26th.

A: —did I talk to the police?

Q: About the burglary at Rose Holschen's house.

A: Yes, you know, it was mentioned.

Q: Okay. When did you talk—Okay. When prior to then did you talk to them about this burglary?

A: I can't be sure of the date, but I know I talked to an Officer Loehr about this burglary and it was tied in with not only this burglary but I'm saying this was included.

THE COURT: Mr. Martin, we're only interested in this burglary. Whatever else you might have discussed with the police officers is not pertinent to this case, and you should not comment about it. So please just answer what you talked about this burglary, if you can recall, and when.

A: It was about three weeks later prior to this—the burglary, and I talked to them again about the same burglary.

Q: Well, August 26th is not quite three weeks when—This burglary occurred August 8th, all right?

A: Right.

Q: This burglary occurred on August 8th. When was the first time you talked to any police officer about that burglary there at Rose Holschen's house?

A: It had—It was around that time, because the only reason I mentioned the other burglary, because that's when I talked to the police about this one. It was that date. I think it was around—could have been around the 26th. I don't recall the exact date.

Q: Okay.

MR. WALSH: Your Honor, may we approach the side bar again?

(Counsel approached the bench, and the following proceedings were had:)

MR. WALSH: Your honor, at this time I'm going to ask for a mistrial based on the repeated references by this witness. I think even just as much damage has been done by the attempt to try to, in open court in front of the jury, restrict him. It's only put more emphasis in the jury's mind there are other burglaries, and on that basis I'd ask for a mistrial.

THE COURT: Motion for mistrial will be overruled.

(The proceedings returned to open court).

THE COURT: Ladies and gentlemen of the jury, you are ordered to disregard any reference to any other burglary ex-cept the burglary in this case, being the burglary of the Holschen residence, and that is if any other witness might refer to it. We are only interested in one burglary, and that's all that the defendant is charged with.

■ It is well settled that an accused has the right to be tried only for the crime for which he is charged and on trial. Evidence of other crimes which are not logically related to proving guilt for the crime charged should be excluded. Mistrial is, however, a drastic remedy which should be granted only when the incident is so grievous that the prejudicial effect can be removed in no other way. *State v. Tatum*, 656 S.W.2d 305, 308[4] (Mo.App.1983). When a witness unexpectedly volunteers inadmissible information the action called for rests in the trial courts discretion. *State v. Williams*, 660 S.W.2d 360, 361[2] (Mo.App.1983). On appeal a reviewing court limits its review to a determination of whether the trial court abused its discretion. *State v. Walker*, 531 S.W.2d 55, 57[3] (Mo.App.1975).

■ We note from the record appellant did not request the objectionable testimony be stricken or for the jury to be instructed to disregard it. Despite the failure of appellant's trial counsel to make such a request the trial court did in fact instruct the jury to disregard any reference "to any other burglary." Since appellant chose to stand on the harsh and stringent remedy of mistrial rather than requesting other curative action, we cannot say the trial court abused its discretion in assessing the prejudice to appellant and overruling his motion for a mistrial. We hold this allegation of error is without merit.

Appellant's second point relied on is that the trial court erred in granting the state's motion in limine to preclude the defense from arguing the absence of fingerprint evidence in that there was evidence that the police searched the victim's residence for fingerprints and appellant should have been permitted to argue the absence of incriminating fingerprint evidence.

A trial court has broad discretion in controlling closing argument. *State v. Wren*, 643 S.W.2d 800, 802[3] (Mo.1983); *State v. Newlon*, 627 S.W.2d 606, 616[12] (Mo. banc 1982), cert. denied, 459 U.S. 884, 103 S.Ct. 185, 74 L.Ed.2d 149 (1982). Unless prejudice to the appellant results, the trial court's ruling will not be disturbed. *State v. Fuhr*, 660 S.W.2d 443, 448[10] (Mo.App.1983).

More than twenty years ago the Supreme Court of this state in *State v. Holmes*, 389 S.W.2d 30 (Mo.1965), had before it an assignment of error in which the trial court sustained the state's objection to that portion of defendant's argument in which he sought to refer to the state's failure to offer evidence of fingerprints that might have been taken from articles touched inside the premises where the robbery took place by the guilty party. The Court, p. 34, said:

> But there is no evidence fingerprints were taken by the police from those articles or from defendant's fingers for comparison. It was not incumbent upon the state to take defendant's fingerprints from the articles he touched, or, if taken, produce them in evidence. Nor is the state required to account for their absence. At most the fingerprints would have been merely cumulative.

See also *State v. Crespo*, 664 S.W.2d 548, 553[15] (Mo.App.1983) and *State v. Rutherford*, 554 S.W.2d 584, 586[3] (Mo.App.1977).

We hold that the trial court did not err in granting the state's motion in limine to preclude the defense from arguing the absence of fingerprint evidence and affirm.

DOWD, P.J., and CRANDALL, J., concur.