**STATE of Missouri, Respondent,**

v.

**David C. CARPENTER, Appellant.**

**No. 50147.**

Missouri Court of Appeals,
Eastern District,
Division Two.

March 18, 1986.

Motion for Rehearing and/or Transfer Denied April 22, 1986.

Application to Transfer Denied June 17, 1986.

---

Deborah Lambdin Stockhausen, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Jefferson City, for respondent.

CRIST, Judge.

Defendant was convicted by a jury of burglary in the first degree, kidnapping, sodomy and attempted rape. The trial court sentenced defendant to concurrent fifteen year terms on the burglary and kidnapping convictions, fifteen consecutive years on the sodomy conviction, and seven consecutive years on the attempted rape conviction, for a total term of 37 years. Defendant complains of improper closing argument by the prosecutor and the trial court's restricting defense counsel's closing argument concerning absence of fingerprints. We affirm.

The evidence, viewed in the light most favorable to the verdict, reveals the following: twelve year old victim awoke in bed to find a man she identified as defendant laying on top of her. Victim's clothing had been partially removed. After attempting to have intercourse with the victim, defendant took her from her home and led her through neighborhood alleys and streets. In an outside stairwell of a building, defendant committed sodomy on the victim. Early the next morning, defendant allowed victim to return home.

Defendant raises two points on appeal. In his first point relied on, he asserts the trial court erred in allowing the prosecutor to comment during closing argument the evidence was "uncontradicted, unrefuted, undenied by any witness" and "did you hear from that man's mouth?" Defendant maintains these comments violated his Fifth Amendment privilege against self-incrimination.

At trial, defendant took the witness stand and testified to his name, current residence, place and date of birth, and the absence of prior convictions. The trial court sustained defendant's objections to the prosecutor's attempts to cross-examine defendant in excess of this testimony.

The prosecutor's argument the evidence was "uncontradicted, unrefuted, undenied by any witness" was permissible. See State v. Robinson, 641 S.W.2d 423, 426 (Mo. banc 1982); State v. Oldham, 659 S.W.2d 285 (Mo.App.1983). In addition, the prosecutor may call the jury's attention to the limited nature of the defendant's testimony. State v. Golden, 353 Mo. 585, 183 S.W.2d 109, 117 (1944). In the present case, defendant's failure to testify as to specific facts involved in the case after taking the witness stand was a legitimate subject upon which the prosecutor could comment during closing argument. State v. Stidham, 305 S.W.2d 7, 18 (Mo.1957); State v. Larkin, 250 Mo. 218, 157 S.W. 600, 604 (1913). We find no error.

In his second point relied on, defendant asserts the trial court erred in refusing to allow his attorney to tell the jury during

closing arguments that they could consider the absence of defendant's fingerprints at the crime scene.

■ The trial court has wide discretion in controlling closing arguments. *State v. Boyd,* 688 S.W.2d 791, 794 (Mo.App.1985). We will not disturb the trial court's ruling unless prejudice to the defendant's results. *Id.* The State is not required to take fingerprints, or if taken, produce them in evidence. *State v. Holmes,* 389 S.W.2d 30, 34 (Mo.1965). The State is also not required to account for the absence of fingerprints. *Id.*

■ In the present case, the trial court first permitted defendant's attorney to argue to the jury they could "consider" the absence of fingerprints. Defendant's attorney argued that the prosecutor's argument fingerprints were not an element the State had to prove was a "smoke screen" argument. The prosecutor objected, asserting defense counsel's argument inserted the element of fingerprints. The trial court sustained the objection, and instructed the jury to disregard defense counsel's argument relating to fingerprints.

We find no abuse of the trial court's discretion. The absence of fingerprints may have been relevant, but the presence of fingerprints was not an element of the crime charged. In addition, the jury was well aware of the lack of fingerprints. Any error which may have occurred was not prejudicial.

Affirmed.

DOWD, P.J., and REINHARD, J., concur.