**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Lawrence GARDNER,
Defendant–Appellant.**

**No. 52725.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 17, 1987.

Motion for Rehearing and/or Transfer Denied Dec. 22, 1987.

Application to Transfer Denied
Feb. 17, 1988.

Stormy B. White, Asst. Public Defender, Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

Defendant was convicted by a jury of receiving stolen property of a value in excess of $150.00 and sentenced by the court as a prior and persistent offender to serve a term of 10 years. He appeals; we affirm.

The evidence revealed that the home of William E. Seibert had been burglarized while he and his family were away for Thanksgiving. Seibert discovered the burglary the day after Thanksgiving, on November 29, 1985. He reported missing a gold watch, silverware, rings, a coin collection, a necklace, a sorority pin, a cameo, and other articles of jewelry.

On November 29, defendant came to Morris Rothman's place of business with items of jewelry and silverware. Rothman, a pawnbroker, required that defendant

present identification and photographed him. He paid him $230.00 for the jewelry and silverware.

Rothman later notified police of this transaction and turned the property over to them. The Seiberts identified the property that Rothman received from defendant as their property.

After the transaction with defendant, Rothman received two calls from a man who identified himself as defendant. The first caller identified himself by name and asked Rothman not testify. In the second call, the man again identified himself as defendant. He said his lawyer would contact Rothman in a few days and asked him to testify that he had found the merchandise. Several days later, defendant's attorney contacted Rothman.

Defendant contends that the court erred in permitting the prosecuting attorney to argue his failure to put on evidence, thus highlighting his failure to testify.

The following is the challenged argument: "The State's case simply is uncontradicted. It's uncontroverted. The defense has produced no witnesses or no evidence to contradict the State's case." Defendant objected to the argument, but the trial court overruled his objection.

A prosecutor may not refer directly to a defendant's failure to testify. The state's closing argument will be disturbed only where the references to the defendant's failure to testify are direct and certain. *State v. Robinson,* 641 S.W.2d 423, 426 (Mo. banc 1982); *State v. Carpenter,* 710 S.W.2d 284, 285 (Mo.App.1986). "Merely stating that the evidence is 'uncontradicted' or that a defendant has failed to offer evidence is not a direct and certain reference." *Robinson,* 641 S.W.2d at 426. The prosecutor's argument here was proper, and the court did not err in overruling defendant's objection.

Defendant also contends that the evidence of his telephone conversation with Rothman was inadmissible because there was an insufficient foundation for the testimony.

Generally, testimony about a telephone conversation is not admissible absent identification of the caller. However, identification may be shown by the circumstances of the call. *State v. Gragg,* 606 S.W.2d 252, 254 (Mo.App.1980); *State v. Rice,* 519 S.W.2d 573, 575 (Mo.App.1975). Although Rothman could not identify the caller's voice, both times the caller identified himself as defendant and asked him about testifying. In the second call the man said his attorney would be contacting Rothman in a few days, and several days later defendant's attorney, in fact, called Rothman. We believe there was sufficient circumstantial evidence for a jury to properly infer that defendant was the caller.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.