STATE of Missouri, Respondent,

v.

Kevin Wayne GARMON, Appellant.

No. WD 41776.

Missouri Court of Appeals,
Western District.

Dec. 12, 1989.

Gary William Smith, Public Defender, Sedalia, for appellant.

William L. Webster, Atty. Gen., Timothy W. Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

Before NUGENT, C.J., FENNER, J., and WASSERSTROM, Senior Judge.

FENNER, Judge.

Appellant, Kevin Wayne Garmon, appeals from his convictions for three counts of the felony of forcible sodomy. § 566.060(2), RSMo 1986. Appellant was sentenced to serve two fifteen year terms of imprisonment to run consecutive to each other and one term of twenty-five years to run concurrently with the two fifteen year terms.

Appellant does not question the sufficiency of the evidence and it suffices to say that the evidence supports appellant's convictions.

In his first point appellant argues that the trial court erred in sustaining the state's pre-trial motion in limine to prevent appellant from presenting evidence of a pending criminal charge against the victim. The victim was a prosecution witness.

On the morning of trial, outside the presence of the jury, a hearing was held on the state's motion in limine. At this hearing the victim testified that he had a pending misdemeanor charge against him for possession of stolen property. The victim testified that the charge stemmed from an incident that took place approximately three months after that for which appellant was on trial. He testified that there were between seven and nine other individuals charged along with him for receiving stolen property. The victim stated that he expected to get the same sentence as those who had already been sentenced for the property offense. He testified that he had never talked to the prosecutor about the charge and that he had no expectation that the prosecutor would give him a better deal on the charge against him because of his testimony in appellant's case. The victim further testified that no one had told him that he would get off easier on the charge against him for testifying against appel-

lant. At the conclusion of the hearing the court sustained the state's motion in limine.

■ A ruling on a pre-trial motion is interlocutory and, hence is not an appealable order. *State v. Evans*, 639 S.W.2d 820, 822 (Mo.1982).

■ Although appellant objected to the trial court's ruling on the state's motion in limine, he made no effort to present evidence of the victim's pending criminal charge at trial. Therefore, appellant has not preserved his claim of error for review. Nevertheless, appellant's argument will be taken up ex gratia.

■ As a general rule, the credibility of a witness may not be attacked by showing his arrest and a pending charge which has not resulted in a conviction. *State v. Lockhart*, 507 S.W.2d 395, 396 (Mo.1974)[1]. Furthermore, the scope and extent of questioning permitted during cross-examination on collateral matters concerning misconduct of a witness for purposes of impeachment is left to the trial court's discretion. On review, the trial court's determination will be set aside only where it is affirmatively shown that the exercise of discretion was abused. *Klein v. General Electric Company*, 714 S.W.2d 896, 905 (Mo.App. 1986).

■ Appellant complains on appeal that he should have been allowed to cross-examine the victim because "there may have been even a remote understanding or assumption on the part of the [victim] that he might be treated differently following his testimony, which assumption may have been reinforced due to the special treatment he was receiving." However, the victim specifically testified that he had no expectation of a better deal in return for his testimony, and there was no showing that he received any "special treatment."

---

1. Exceptions to the general rule have been noted where the inquiry shows a specific interest of a witness, where it shows a possible motive for the witness to testify favorably for the state or where it shows the testimony was given in expectation of leniency. *State v. Lockhart*, 507 S.W.2d at 396. Exceptions have also been noted where a witness interjects the issue by testifying to his previous good conduct, *State v. Ballard*, 657 S.W.2d 302, 306 (Mo.App.1983), and where an arrest or charge demonstrates that the witness has a specific interest in the case about which he is giving testimony, e.g., where two persons have been charged with the same offense, and one testifies in support of the other. *State v. Easley*, 662 S.W.2d 248, 250–51 (Mo. banc 1983).

The record does not support a finding of any exception to the general rule that the credibility of a witness may not be attacked by showing his arrest and pending charge which has not resulted in a conviction. The trial judge did not abuse his discretion herein by refusing to allow evidence of the pending criminal charge against the victim.

In his second point appellant argues that the trial court committed plain error in overruling his motion for new trial based upon the fact that the prosecutor made remarks during closing argument which appellant claims were improper references to appellant's failure to testify.

The remarks of the prosecutor of which appellant complains were as follows:

> [H]is testimony is uncontradicted. Uncontradicted. You have heard no other testimony that directly is in contradiction to what [the victim] said. There's been no evidence that this did not occur. All of the believable evidence in this case, all of the evidence, the direct evidence of what happened you heard from [the victim] and no one has contradicted that.

Appellant made no objection to the prosecutor's remarks at the time of trial, therefore, any appellate review is for plain error. Relief will be granted under the plain error rule only when a manifest injustice or miscarriage of justice would inexorably result if error were left uncorrected. *State v. Sidebottom*, 753 S.W.2d 915, 920 (Mo. banc 1988), cert. denied — U.S. ——, 109 S.Ct. 515, 102 L.Ed.2d 550 (1988). To have been manifestly unjust, the comments in closing argument must have had a decisive effect on the jury. *Id.* Furthermore, relief should be rarely granted on assertion of plain error to matters contained in closing argument because trial strategy looms as an important consideration and such assertions are generally denied without explication. *State v. Wood*, 719 S.W.2d 756, 759 (Mo. banc 1986).

The trial court has wide discretion in controlling the scope of closing argument. The trial court is in a better position to observe the contested incidents and to determine their prejudicial effect upon the jury. *State v. Robinson*, 641 S.W.2d 423, 426 (Mo. banc 1982). In *Robinson*, the Missouri Supreme Court stated that "because of the trial court's superior vantage point, this court has held that it will disturb the trial court's decision, when the prosecutor allegedly has alluded to a defendant's failure to testify, only where the references are direct and certain." *Id.*

The prosecutor's remarks in the case at bar were not direct and certain references to the appellant's failure to testify. In the context of the prosecutor's closing argument, the remarks were a comment that the state's evidence was uncontradicted, and called attention to the fact that appellant's evidence called into question the victim's character and whether he was worthy of belief rather than showing that appellant did not commit the acts of which he was accused.

A characterization of evidence as uncontradicted is not a forbidden reference to a defendant's failure to testify. *State v. Gardner*, 743 S.W.2d 472, 473 (Mo.App. 1987). In *Gardner*, the court held that merely stating that the evidence is uncontradicted or that a defendant has failed to offer evidence is not a direct and certain reference to the defendant's failure to testify. *Id.*

The judgment of the trial court is affirmed.

All concur.