STATE of Missouri, Respondent,

v.

Buddy BUZZARD, Appellant.

Buddy BUZZARD, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 18876, 19852.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 30, 1995.

**372**

Emmett D. Queener, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Beal, Asst. Atty. Gen., Jefferson City, for respondent.

MONTGOMERY, Presiding Judge.

A jury found Appellant Buddy Buzzard guilty of second degree burglary, § 569.170,[1] and stealing, § 570.030. The trial court sentenced Appellant as a prior offender to two terms of eighteen years' imprisonment to be served concurrently. Appellant brings appeal No. 18876 from that judgment.

Appellant commenced an action per Rule 29.15[2] to vacate, set aside, or correct the conviction or sentence. The motion court, after an evidentiary hearing, issued findings of fact and conclusions of law and entered an order denying relief. Appellant brings appeal No. 19852 from that order.

We consolidate the appeals, Rule 29.15(*l*), but address them separately in this opinion.

### No. 18876

The evidence in the light most favorable to Appellant's conviction is as follows. On August 16, 1991, Appellant's wife drove Appellant and a friend, David Fleming, to a location near Doug Davis's home. Appellant and Fleming entered the Davis home through a window. After breaking the lock on a gun case, the two men stole seven firearms consisting of a variety of handguns, rifles, and shotguns. They departed the crime scene carrying the guns. Appellant's wife picked them up a short distance from the Davis home. They drove to Fleming's girlfriend's residence and hid the guns. Then, they decided to return to the crime scene to steal more items.

Davis returned to his home before they could gain reentry. The trio aborted their plan to steal more goods and returned to Fleming's home. Fleming decided to keep one handgun, as did Appellant and his wife. They agreed to sell the remaining guns across the state line.

At trial, a Neosho deputy sheriff testified that he found a handgun at Fleming's girlfriend's home. Fleming testified that he and Appellant burglarized the Davis home and stole the guns in the manner described

---

1. References to statutes are to RSMo 1994.

2. Rule references are to Missouri Rules of Court (1995).

above. He also identified the gun found by the deputy as one that he and Appellant stole from the Davis home. Fleming's girlfriend, Lisa Robinson, testified that she was present when Appellant, his wife, and Fleming planned the crime. She was also present when they returned with the stolen guns and when they decided to return to the Davis home to steal more items. She also identified the gun found by the deputy as one stolen by Appellant and Fleming from the Davis home.

Appellant's first point on appeal is:

The trial court erred in overruling [Appellant's] objection during the State's closing argument, because the prosecutor injected into the minds of the jurors matters not proper for their consideration, in that the prosecutor made an indirect reference to [Appellant's] failure to testify, thereby denying him a fair trial as required by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution.

Appellant refers to the portions of the prosecutor's closing argument where she said, "[H]ave you heard one shred of evidence, one shred that the State's evidence is uncontroverted?" and "Have you heard one witness that testified that the State's evidence is denied, refuted, or contradicted?" Appellant contends that the prosecutor's comments were an impermissible indirect reference to his failure to testify. We disagree.

■■■■■ A prosecutor is prohibited from adversely commenting on an accused's failure to testify. A prosecutor may not make direct or indirect comments which clearly imply that a reference is being made to the accused's failure to testify. *State v. Jackson,* 750 S.W.2d 644, 648 (Mo.App.1988). However, this rule does not prohibit a prosecutor from referring to an accused's failure to offer evidence. *State v. Sidebottom,* 753 S.W.2d 915, 920 (Mo. banc 1988), *cert. denied,* 488 U.S. 975, 109 S.Ct. 515, 102 L.Ed.2d 550 (1988). A prosecutor may refer to uncontroverted evidence and may refer to the fact that the jury did not hear any evidence to

contradict the state's case. *See State v. Mallory,* 851 S.W.2d 46, 50 (Mo.App.1993).

In *State v. Gardner,* 743 S.W.2d 472, 473 (Mo.App.1987), the court held that the following portion of the prosecutor's argument was proper: "The State's case simply is uncontradicted. It's uncontroverted. The defense has produced no witnesses or no evidence to contradict the State's case." The prosecutor's argument in the present case is substantially similar to that in *Gardner.* Here, the prosecutor properly referred to Appellant's failure to offer any evidence. She did not refer directly or indirectly to Appellant's failure to testify. Appellant's first point has no merit.

Appellant's second point is:

The trial court erred and abused its discretion in denying [Appellant's] request for a mistrial when venire member Don Buntin stated during voir dire that a judge can release a convicted defendant in 120 days, because the court's ruling violated Buddy's rights to due process of law and to a trial by a fair and impartial jury as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10, 18(a) and 22(a) of the Missouri Constitution in that Buntin's comment minimized the responsibility of the jury and could have caused the jury to convict [Appellant] on less than probable cause under the impression that the court could release him in a few months following his conviction, and [Appellant] was thereby prejudiced.

Appellant argues that the trial court should have granted a mistrial because of the comments of a venireperson. The prosecutor asked the venire panel whether anyone did not believe in the way the Department of Corrections, or the penal system in general, is run in the United States. A venireperson responded:

Well, I'll go on the record as saying, as I have before—I've set in a jury here—that whether the jury finds him guilty or innocent, the Judge can turn him loose in 120 days. So we read in the paper all the time about it, and I don't think it's right.

Defense counsel then requested a mistrial, stating that he did not believe that there was any curative instruction that could eliminate the prejudice from the venireperson's comment. The court denied the motion for mistrial and instructed the jury to disregard the comment. The court explained its ruling to counsel stating that the general public is aware of the 120–day rule from frequent references in the media. The court noted that it had observed members of the panel and noted that none of them appeared shocked by the venireperson's comments.

The declaration of a mistrial is a drastic remedy and should be employed only in the most extraordinary circumstances. *Sidebottom,* 753 S.W.2d at 919–20. The trial court is vested with broad discretion in determining whether a jury panel should be dismissed because of statements made by an individual juror, and its ruling will not be disturbed on appeal absent a clear abuse of discretion. *State v. Evans,* 802 S.W.2d 507, 514 (Mo. banc 1991). Because the trial court hears the manner in which the remarks are delivered, it is obviously in the best position to determine the content and impact of the juror's statements upon the other members of the panel. *State v. Wise,* 745 S.W.2d 776, 778 (Mo.App.1988). Courts have held that a limiting instruction is sufficient to avoid prejudice even where a venireperson's comments relate directly to the defendant's guilt and to the potential sentence. *Evans,* 802 S.W.2d at 514–15.

The trial court acted within its discretion by offering a curative instruction and not granting a mistrial. Appellant's second point has no merit.

### No. 19852

Appellant asserts that the motion court erred in denying postconviction relief after an evidentiary hearing in that Appellant received ineffective assistance of counsel at trial. Appellant's point is:

The motion court clearly erred in denying [Appellant's] Rule 29.15 motion because a review of the entire record leaves a definite and firm impression that [Appellant] was denied effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 18(a) of the Missouri Constitution, in that trial counsel did not act as a reasonably competent attorney when she failed to investigate and prepare for the motion to suppress evidence and [Appellant] was thereby prejudiced because such investigation and preparation would have resulted in suppression of evidence used against [Appellant] at trial.

Our review of the dismissal of a Rule 29.15 motion is limited to a determination of whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 29.15(j); *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied,* 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). Findings and conclusions are deemed clearly erroneous only if, after review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Wilson v. State,* 813 S.W.2d 833, 835 (Mo. banc 1991).

To prevail on a claim of ineffective assistance of counsel, Appellant must show (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that he was thereby prejudiced. *State v. Chowning,* 866 S.W.2d 165, 171 (Mo.App.1993) (citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987)). Appellant may show prejudice with proof that, but for counsel's unprofessional errors, there is a reasonable probability that the result would have been different. *Sidebottom,* 781 S.W.2d at 796.

Appellant argues that his two attorneys were both ineffective in allegedly failing to prepare to present evidence on the motion to suppress the handgun seized from Robinson's residence. Specifically, Appellant asserts (1) that pre-trial counsel, Joe Zuzul, failed to prepare for the initial hearing on the motion to suppress, and (2) that trial counsel, Shara Martin, failed to prepare for and obtain a second hearing on the motion to suppress; failed to investigate and call Zuzul at

the sentencing hearing; and failed to pursue the issue of an illegal search. The motion court found that Appellant's contentions have no merit. We agree.

■■■ The record reveals that Appellant failed to prove that but for counsels' failure to pursue the motion to suppress, the result of his trial would have been different. Appellant must prove the alleged grounds for relief in a Rule 29.15 motion by a preponderance of the evidence. *Clemmons v. State*, 795 S.W.2d 414, 416 (Mo.App.1990), *cert. denied*, 500 U.S. 907, 111 S.Ct. 1689, 114 L.Ed.2d 83 (1991). Appellant offered absolutely no evidence to indicate that any further investigation or preparation by counsel would have resulted in suppression of evidence.

Zuzul testified that he investigated and researched the issue of whether the handgun might be suppressed. His investigator interviewed Fleming. Zuzul reviewed copies of the affidavits, the search warrants, and the police officers' statements. Zuzul testified that it was "pretty obvious" to him that the court would deny a motion to suppress the handgun obtained at Robinson's residence. Zuzul made a motion to suppress this handgun and a motion to suppress statements made by Appellant. The court sustained the motion to suppress the statements, but denied the motion to suppress the handgun. Trial counsel, Martin, made a *motion to re-hear* suppression evidence regarding the handgun. The court denied this motion.

■■■ The record reveals that trial counsel, Martin, did not further pursue the motion to suppress the handgun because the law clearly establishes that Appellant had no standing to assert a Fourth Amendment right with respect to the search and seizure of the gun found at Robinson's residence. Appellant had no reasonable expectation of privacy in the area searched or the items seized. "A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." *State v. Martin*, 892 S.W.2d 348, 351–52 (Mo.App.1995) (quoting *Rakas v. Illinois*, 439 U.S. 128, 133–

34, 99 S.Ct. 421, 424–25, 58 L.Ed.2d 387 (1978)).

Appellant argues that all the evidence and testimony against him in the Davis burglary was a direct result of the illegal seizure of property from his residence in November 1991. Appellant is mistaken. Appellant's residence was searched in November 1991 in connection with another burglary. No evidence from that search was admitted in the present case. The only evidence admitted in the present case that was discovered by means of a search and seizure was the handgun discovered at Robinson's residence. With respect to that handgun, the trial court overruled the motion to suppress on the basis that Appellant had no standing to object to the taking of handgun from another person's residence. The above law clearly establishes that the trial court was correct and that Appellant was not aggrieved by that search.

■■■ Appellant also asserts that both attorneys were derelict in their preparation because they failed to call certain witnesses at the suppression hearing. Appellant states that Regina Buzzard (his wife) would have explained why she provided the police with information regarding Appellant. Appellant states that Fleming and Robinson would have testified why they implicated Appellant in the Davis burglary. None of these witnesses were present at Appellant's postconviction hearing. Conjecture or speculation as to the potential testimony of a witness is not sufficient to establish the required prejudice. *Hogshooter v. State*, 681 S.W.2d 20, 21–22 (Mo.App.1984). Appellant's third point is denied.

The judgments are affirmed.

FLANIGAN and GARRISON, JJ., concur.