595 P.2d 692 (1979)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Tommy L. WILLIAMS, Defendant-Appellant.
No. 77-704.
Colorado Court of Appeals, Div. I.
January 4, 1979.
Rehearing Denied February 15, 1979.
Certiorari Denied May 21, 1979.
J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Susan P. Mele-Sernovitz, *693 Asst. Atty. Gen., Denver, for plaintiff-appellee.
J. Gregory Walta, Colo. State Public Defender, Ilene P. Buchalter, Deputy State Public Defender, Denver, for defendant-appellant.
PIERCE, Judge.
Appealing his conviction of aggravated robbery, defendant contends that the trial court erred in denying his motion to suppress evidence seized from his residence pursuant to a search warrant. He also contends that the trial court erred in denying his motion for a mistrial. We disagree with both contentions, and affirm the conviction.

I.
The affidavit in support of the search warrant contained a detailed description of a series of armed robberies that had recently occurred in the Denver area. Attached to the affidavit and incorporated therein by reference was a list of the items to be searched for and seized. Next to each group of items was a police offense report number. Among the items were credit and identification cards belonging to persons other than defendant.
Also, facts set forth in the affidavit established probable cause to believe that defendant had committed the described robberies. However, defendant argues that the affidavit failed to show that the items to be searched for and seized had been taken in the described robberies, and thus, there was no reason to believe that the items on the list were at this residence. We disagree.
In People v. Pike, 189 Colo. 238, 539 P.2d 125 (1975), the Supreme Court noted that:
"[T]he Fourth Amendment does not deny to law enforcement officers the support of the usual inferences which reasonable men may draw from sworn statements and testimony. So long as the inference is drawn from the information set forth in the affidavit, the inference is permissible. People v. McGill, [187] Colo. [65], 528 P.2d 386 (1974); United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); and Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed.2d 436 (1948)."
Here, the obvious inference to be drawn from reading the affidavit, together with the attached appendix, is that the items in the appendix had been taken in the series of robberies described in the affidavit. It is equally obvious that the items were derived from the police offense reports and were based on the statements of the victims of the robberies. Thus, we reject defendant's contention that the affidavit was fatally defective because it did not expressly state the source of the police information regarding the stolen items. See United States v. Ventresca, supra.

II.
At trial, a police officer testified that he acted as a roving detective covering police units that were "staked out" at several Denver motels, and that he was notified by another officer that a suspect for the motel stickups had been arrested at the Holiday Inn. Defense counsel objected on the grounds that this statement implied that defendant had been involved in other motel robberies. The officer then testified that he recognized the man in custody at the Holiday Inn. Defense counsel again objected, and moved for a mistrial on the ground that the officer's testimony intimated that defendant had had prior police contacts. The trial court sustained the two objections, but denied the motion for mistrial, ordering the jury to disregard the testimony.
Defendant contends that the trial court erred in denying his motion for a mistrial because the reference to other robberies was prejudicial. We disagree. A trial court can better evaluate the effect, if any, of improper testimony on the jury than can a reviewing court, and, absent an abuse of discretion, a trial court's denial of a motion for a mistrial will not be disturbed on review. Maisel v. People, 166 Colo. 161, 442 P.2d 399 (1968).
Here, there was no indication that the prosecuting attorney purposely elicited *694 the statements. Further, to show plan, scheme, design and identification, the prosecution presented evidence of a similar armed robbery allegedly committed by defendant at another motel. Thus, the jury was legitimately aware of the prosecution's contention that defendant had been involved in at least one other "motel stickup." And, on cross-examination by defense counsel, the police officer explained that he knew defendant because defendant frequented a bar at which the officer worked evenings. Given these circumstances, the trial court did not abuse its discretion in denying defendant's motion for a mistrial. See People v. Medina, 190 Colo. 225, 545 P.2d 702 (1976).
Judgment affirmed.
COYTE and KELLY, JJ., concur.