Gregory RICHARDSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 53512.

Missouri Court of Appeals,
Eastern District,
Division One.

April 19, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 25, 1988.

J. Andrew Walker, St. Louis, for appellant.

William L. Webster, Atty. Gen., Deborah L. Ground, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 27.26 motion without an evidentiary hearing. In that motion he sought to vacate guilty pleas to three counts of forgery and one count of stealing over $150. He was sentenced to four concurrent ten-year sentences. We affirm.

In his Rule 27.26 motion movant alleges his trial counsel did not investigate and contact "the female person he could attempt to contact through the police (Security Guard) report," and did not provide "sufficiently adequate counseling or services."

In order to be entitled to an evidentiary hearing movant must plead facts, not conclusions, which, if true would entitle him to relief and which are not refuted by the guilty plea transcript. *Pinkard v. State*, 694 S.W.2d 761, 762[1] (Mo.App.1985). Movant's motion does not indicate what his attorney would have discovered if he had contacted the witness nor what she presumably would have testified to if movant's case had gone to trial. Without such information the motion does not show any prejudice to movant by the alleged failure to contact the witness nor does it show how movant's plea was involuntarily or unknowingly made. *Sanders v. State*, 716 S.W.2d 844, 845[1] (Mo.App.1986).

On appeal movant acknowledges there are numerous cases standing for the proposition that when there is a guilty plea, adequacy of trial counsel is only material to the extent it affects the voluntary nature of the guilty plea. The gravemen of his appeal is that we modify those cases. We decline to do so.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.