**STATE of Missouri, Plaintiff–Respondent,**

v.

**Renell DUDLEY, Defendant–Appellant.**

**Renell DUDLEY, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

Nos. 17097, 17373.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 21, 1991.

Motion for Rehearing or Transfer
Denied Nov. 12, 1991.

Brad B. Baker, Columbia, for defendant-appellant and movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Denise L. Garnier, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

SHRUM, Presiding Judge.

In case No. 17097, the defendant Renell Dudley appeals from his conviction for possession of heroin in violation of § 195.020, RSMo 1986. He was sentenced to four years in accordance with the jury's verdict. In case No. 17373, the defendant appeals from the judgment of the motion court denying him the post-conviction relief he sought pursuant to Rule 29.15. This court consolidated the two appeals.

The defendant's single point in case No. 17097 is that the trial court erred in its refusal to suppress evidence obtained during a search and statements the defendant made because there was no probable cause for the issuance of the search warrant and executing officers lacked a good faith belief that they had a valid search warrant.

In his sole point on appeal in case No. 17373, the defendant claims the motion court erred in denying relief without an evidentiary hearing because his counsel was ineffective for not securing and examining at trial "favorable witnesses" thereby prejudicing his defense. In a claim of error not properly preserved for our review, the movant alleges he is entitled to a new post-conviction relief hearing because his appointed counsel did not timely file his amended Rule 29.15 motion and did not file a second amended Rule 29.15 motion.

We affirm the judgments in case No. 17097 and case No. 17373.

## CASE NO. 17097
### FACTS

Armed with a search warrant that was issued based upon his sworn application, Officer Rick Headlee and other officers of the Springfield Police Department went to the American Inn motel to search room

432. Upon arrival at the motel, the officers asked the motel clerk to call room 432 and request that the occupants report to the front desk in the lobby to take care of their long distance telephone bill. When Allen Bobo, the person to whom room 432 had been rented, entered the lobby he was detained by officers. Headlee and other officers then entered room 432 where they discovered the defendant standing in front of the sink in the dressing area of the room. Headlee saw a syringe in the defendant's hand. Packages of heroin were found in the room. The heroin, syringes, and other materials were seized, and the defendant and Bobo were charged with possession of heroin.

The defendant filed a motion to suppress the seized evidence and to suppress statements he made. Following an evidentiary hearing, the trial court refused to suppress the physical evidence and statements. Prior to making its ruling on the motion to suppress, the trial court excised two sentences from the warrant application.[1] The court struck the two sentences after Officer Headlee voluntarily revealed at the hearing that approximately one week before the suppression hearing he had learned from Corporal Thomas that Tonya Osborn had not personally seen Allen Bobo shoot another subject over a drug deal and Osborn did not personally know that Allen Bobo had drug business ties with a person named Mitch. Rather than having a personal knowledge of those alleged facts, Osborn had received the information from an unknown source and then related it to Thomas.

### DISCUSSION: SUFFICIENCY OF WARRANT APPLICATION

In the first prong of his sole point on appeal of his conviction, the defendant claims that, under the totality of the circumstances test, the application for the search warrant was insufficient to support a finding of probable cause by the issuing judge.

In *State v. Pennington*, 642 S.W.2d 646 (Mo.1982), our supreme court reiterated several well-established principles governing the determination of probable cause to issue a search warrant. Probable cause must be determined from the application and, if any are filed, the supporting affidavits. Only the probability of criminal activity, and not a prima facie showing, is the standard by which the existence of probable cause is decided. Affidavits to show probable cause are governed by less rigorous standards than those governing the admissibility of evidence at trial. The determination of probable cause by the court issuing a search warrant should be accorded deference by reviewing courts. *Id.* at 648. We will reverse a trial court's finding of probable cause only if that determination is clearly erroneous. *State v. Berry*, 801 S.W.2d 64, 66 (Mo. banc 1990).

The test for determining whether probable cause has been established for issuance of a search warrant is found in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

> The task of the issuing magistrate is simply to make a practical, *common-sense decision whether, given all the circumstances set forth in the affidavit before him,* including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for … conclud[ing]" that probable cause existed.

*Id.* at 238–39, 103 S.Ct. at 2332, 76 L.Ed.2d at 548 (emphasis added). *See also State v. Laws*, 801 S.W.2d 68, 69 (Mo. banc 1990); *Berry*, 801 S.W.2d at 66; *State v. Gardner*, 741 S.W.2d 1, 7 (Mo. banc 1987), *cert. denied*, 486 U.S. 1025, 108 S.Ct. 2001, 100 L.Ed.2d 232 (1988).

The trial court did not consider the portions of the warrant application which contained hearsay statements of informant Tonya Osborn that were relayed to affiant

---

1. Relevant portions of the warrant application appear as an appendix to this opinion. The sentences stricken by the trial court are identified by underscoring.

Headlee by Corporal Thomas. On appeal, the defendant argues that the trial court should have excised the following additional material from the application:

Bobo has been suspected for some time of selling crack cocaine in the Springfield area, and undercover officers did recently purchase crack cocaine from Bobo in Springfield. The exact date of this purchase is not being disclosed at this time because of the probability of creating a danger to undercover officers involved in the on-going investigation.

At the suppression hearing, Headlee testified that Thomas gave him the information about Bobo's sale to undercover officers. He also testified that the sale by Bobo had been made to an officer of a law enforcement agency other than the Springfield Police Department.

Because Headlee's testimony revealed that he had no personal knowledge of the purchase from Bobo, the defendant argues that *State v. Hammett,* 784 S.W.2d 293 (Mo.App.1989), requires that the information about the sale must be stricken from the application because there was not sufficient information presented to the issuing judge "so that all levels of hearsay could be properly relied upon." *See id.* at 296. If the information about Bobo's cocaine sale is removed, the defendant's argument continues, the remaining information in the warrant application was insufficient, under the totality of the circumstances test, to support a finding of probable cause.

The defendant's reliance on *Hammett* is misplaced because that case is factually distinct. *Hammett* involved an informant who wished to remain anonymous, had no personal knowledge of his reported up-coming "drug meeting," and had obtained the information from his wife, who had obtained it from "another lady," who had heard it from the defendant's mother. *Hammett* has been characterized "as standing for the proposition that uncorroborated fourth-hand hearsay is not enough." *Berry,* 801 S.W.2d at 67.

 Hearsay can be a proper basis to establish probable cause if there is a substantial basis for crediting the hearsay.

*Gates,* 462 U.S. at 241–42, 103 S.Ct. at 2334, 76 L.Ed.2d at 550; *State v. Ambrosio,* 632 S.W.2d 262, 265 (Mo.App.1982). Courts have recognized, however, that certain informants are more deserving of a presumption of reliability than are informants from "the criminal milieu." 1 W. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment* § 3.3, at 611 (2d ed. 1987). *See, e.g., United States v. Flynn,* 664 F.2d 1296, 1302–03 (5th Cir. 1982), *cert. denied,* 456 U.S. 930, 102 S.Ct. 1979, 72 L.Ed.2d 446 (1982). As Justice Harlan pointed out in *United States v. Harris,* 403 U.S. 573, 599, 91 S.Ct. 2075, 2090, 29 L.Ed.2d 723, 743 (1971):

[T]he ordinary citizen who has never before reported a crime to the police may, in fact, be more reliable than one who supplies information on a regular basis. "The latter is likely to be someone who is himself involved in criminal activity or is, at least, someone who enjoys the confidence of criminals."

Consistent with these principles, the Supreme Court has stated, "Observations of fellow officers of the Government engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their number." *United States v. Ventresca,* 380 U.S. 102, 111, 85 S.Ct. 741, 747, 13 L.Ed.2d 684, 690 (1965). Professor LaFave has observed, "Following the lead of *Ventresca,* lower courts have consistently held that another law enforcement officer is a reliable source and that consequently no special showing of reliability need be made as a part of the probable cause determination." 2 W. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment* § 3.5(a), at 4 (2d ed. 1987). *See, e.g., United States v. Griffin,* 827 F.2d 1108, 1112 (7th Cir.1987), *cert. denied,* 485 U.S. 909, 108 S.Ct. 1085, 99 L.Ed.2d 243 (1988); *United States v. May,* 819 F.2d 531, 536 (5th Cir.1987); *Flynn,* 664 F.2d at 1302–03; *United States v. Beusch,* 596 F.2d 871, 874 (9th Cir.1979); *State v. Morrill,* 205 Conn. 560, 534 A.2d 1165, 1170 (1987); *Caffo v. State,* 247 Ga. 751, 279 S.E.2d 678, 681 (1981); *State v.*

*Alger,* 100 Idaho 675, 603 P.2d 1009, 1013 (1979).

■ Following removal from the warrant application of the two sentences that contained information obtained from Tonya Osborn, Headlee's statement did not identify the source of his information about the crack cocaine sale by Bobo. This fact alone, however, does not require the information to be disregarded. Even with Thomas's identity stricken from the application, the context of Headlee's statement indicates the information about the sale by Bobo came from some police source, either police records or another police officer. Courts have upheld warrants under similar circumstances. *See, e.g., United States v. Reed,* 700 F.2d 638, 641[2] (11th Cir.1983); *Beusch,* 596 F.2d at 875[5]; *People v. Williams,* 42 Colo.App. 58, 595 P.2d 692, 693[1] (1979).

■ The fact that the information about Bobo's cocaine sale came from a different law enforcement agency does not destroy the presumption of reliability. *United States v. Davis,* 557 F.2d 1239 (8th Cir. 1977), *cert. denied,* 434 U.S. 971, 98 S.Ct. 523, 54 L.Ed.2d 461 (1977), involved officers from two agencies: Hitchens, from the Minneapolis Police Department, and Bloch, a DEA agent. In rejecting a claim that there was a lack of probable cause for a warrant because it was based on multiple hearsay, the court said:

> We feel it is equally frivolous to contend that Bloch was not entitled to rely on information he obtained from Hitchens.... *Just because Hitchens and Bloch worked for different law enforcement agencies does not make them any less fellow officers.* After all, affidavits for search warrants are to be "tested and interpreted by magistrates and courts in a commonsense and realistic fashion."

*Id.* at 1247 (emphasis added). We reject the defendant's argument that the information about Bobo's recent cocaine sale should not have been considered by the trial court in reaching its determination that there was probable cause to issue the search warrant.

■ While the information supplied by the management of American Inn and related by Headlee in the warrant application might not, standing alone, be indicative of criminal activity, we believe that activity, when coupled with knowledge that an occupant of room 432, Allen Bobo, had recently sold cocaine to undercover officers in the same city where the motel was located, did constitute a "fair probability" that a search would uncover evidence of criminal activity. *See State v. Weber,* 768 S.W.2d 645, 647 (Mo.App.1989) (neighbors reported numerous cars going to defendant's residence with the visitors staying only a short time; informants reported prior drug transactions by defendant at the house); *State v. Sargent,* 702 S.W.2d 877, 881–82 (Mo.App. 1985) (known drug users visited defendant's residence and remained only a short time; informant reported prior drug transaction by defendant at the residence); *Laws,* 801 S.W.2d at 69 (late night and secretive visits to defendant's home by persons suspected to be involved in illegal drug trafficking; informant reported defendant presently possessed controlled substances at his home).

We hold that the application established a basis for probable cause and the trial court did not err in refusing to suppress the evidence seized and the defendant's statements. Because of our conclusion there was probable cause to issue the warrant, there is no need to address the good-faith exception enunciated in *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

We affirm the judgment of conviction in case No. 17097.

### CASE NO. 17373

On October 26, 1990, the movant Renell Dudley filed his post-conviction motion based on Rule 29.15. He included in paragraph 8 of his motion, as one of the grounds for relief, an allegation "[t]hat Movant's attorney fail ... to subpoena favorable witnesses." In paragraph 9 of his pro se motion, in which he was required to state the facts which supported the grounds alleged in paragraph 8, the defen-

dant alleged that "the tr. transcript will show that Movant's atty. fail to ... call forth favorable witnesses."

On October 28, 1990, the public defender was appointed to represent the movant. The state filed a motion to dismiss the movant's Rule 29.15 motion without an evidentiary hearing on October 31, 1990. On November 9, 1990, the movant's counsel was given until December 11, 1990, to file an amended motion. At a December 20 court appearance, the motion court determined "that by reason of an oversight Movant's First Amended Motion has not been shown filed. Therefore, the Court sets aside its order in favor of Resp on this date. Movant's First Amended Motion is filed. Resp's Motion to Dismiss is refiled as to the First Amended Motion." The court granted the movant until December 27 to file a second amended motion. When the movant failed to file a second amended motion, the trial court, by order dated December 28, 1990, denied the requested post-conviction relief without an evidentiary hearing, stating that the movant failed "to state in writing sufficient facts which, if true, would entitle him to relief."

In his first amended motion, the movant incorporated the allegations of his pro se motion and further alleged that "[c]lient made know to trial counsel the names of several witnesses who would have testified in movant's behalf." On appeal, the movant confines his point relied upon to a claim that the court erred in denying his Rule 29.15 motion because he "alleged factual circumstances" to show his trial counsel was ineffective because of his failure "to secure the presence of and examine favorable witnesses at trial" and his defense was thereby prejudiced.

▮▮▮ Our review is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. *State v. Taylor*, 779 S.W.2d 636, 644 (Mo.App.1989); Rule 29.15(j). The movant is entitled to an evidentiary hearing on his Rule 29.15 motion only if the motion alleges facts, not conclusions, which, if true, would warrant relief, and the matters complained of must have resulted in prejudice to the movant. *State v. Galvan*, 798 S.W.2d 185, 191 (Mo.App.1990); *Shive v. State*, 784 S.W.2d 326, 327 (Mo.App.1990). The movant's allegations that his trial counsel was ineffective for failing to call witnesses was totally conclusory. Where, as here, the claim in a post-conviction proceeding is that trial counsel was ineffective for failure to investigate or produce witnesses, a movant must identify who the witnesses were, what their testimony would have been, whether or not counsel was informed of their existence, and whether or not they were available to testify. *Galvan*, 798 S.W.2d at 189; *Childress-Bey v. State*, 779 S.W.2d 697, 699 (Mo.App.1989); *Shaw v. State*, 766 S.W.2d 676, 681 (Mo.App.1989). In the absence of such allegations, the motion does not show any prejudice to the movant by alleged failure of counsel to secure the presence of and examine the witnesses. *Richardson v. State*, 750 S.W.2d 623 (Mo.App.1988). In view of the above principles, we find that the motion court did not err.

Although he does not touch on the issue in his point relied on, the movant devotes a substantial portion of his argument to the proposition that his post-conviction counsel was ineffective, that his post-conviction counsel abandoned him, and that, under *Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991), and *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991), we should reverse and remand for appointment of new post-conviction counsel, the filing of an amended motion, and an evidentiary hearing.[2]

▮▮▮ Although post-conviction counsel apparently did not file a first amended motion within the time frame set by the motion court's November 9 order, counsel was permitted to file an amended Rule 29.15 motion, and he filed it within 60 days after his appointment. *See* Rule 29.15(f).[3] The

---

**2.** The issue is not preserved for our review. Rule 30.06(d); *State v. Hanson*, 587 S.W.2d 895, 903–04 (Mo.App.1979). Our review is under the plain error standard, Rule 30.20. *Hanson*, 587 S.W.2d at 904.

**3.** Rule 29.15(f) states, in pertinent part:

movant's argument that his post-conviction counsel "failed to timely file a first amended motion" because he did not file it by December 11, 1990, is frivolous and we reject it.

Additionally, the movant asserts in his argument that the failure of his post-conviction counsel to file a second amended Rule 29.15 motion required the motion court to engage in a sua sponte inquiry pursuant to *Luleff*, 807 S.W.2d 495, where the court stated at 498:

> At such time as the motion court may proceed to rule a postconviction motion and there is no record of any activity by counsel on movant's behalf, the motion court shall make inquiry, *sua sponte*, regarding the performances of both movant and counsel.

*Luleff* does not control. The record not only reveals activity by counsel (the first amended motion), it also reveals that attached to the first amended motion was the movant's affidavit dated December 17, 1990, in which he states:

> Movant, Renell Dudley, being of lawful age and first duly sworn, deposes and states that I have discussed the contents of the foregoing "First Amended Motion for Post Conviction Relief"; that I know the contents contained therein and that I believe it includes every ground known to me at this time for vacating, setting aside, or correcting the conviction and sentence attacked by this motion; that the matters and allegations set forth therein are true and correct to the best of my knowledge as related by me to my attorney.

▮ From this affidavit it is apparent that the movant had discussed the contents of the first amended motion with his appointed counsel and had given him available information. There is no mandate in Rule 29.15 that post-conviction counsel file a frivolous or pretextual amended motion after counsel has already amended the motion to state all facts and grounds known to

the movant. *State v. Surratt*, 796 S.W.2d 131, 138 (Mo.App.1990).

The principles enunciated in *Sanders* and *Luleff* have no application to a case in which counsel filed an amended Rule 29.15 motion accompanied by the sworn affidavit of the movant that he had discussed the matter with his counsel and the motion included all grounds for attacking the judgment.

We affirm the judgment of the motion court in case No. 17373.

MAUS and MONTGOMERY, JJ., concur.

### APPENDIX

NOTE: *Following are relevant portions of the sworn statement of Officer Headlee in support of the application for a warrant to search room 432 of the American Inn, Springfield, Missouri. The underlined sentences were excised by the trial court prior to its determination that probable cause existed to support issuance of the search warrant.*

On 02–02–90, Cpl. Bill Thomas received information from Tonya Osborn that she was with Allen Bobo when she witnessed him shoot another subject over a drug deal. Bobo has been suspected for some time of selling crack cocaine in the Springfield area, and undercover officers did recently purchase crack cocaine from Bobo in Springfield. The exact date of this purchase is not being disclosed at this time because of the probability of creating a danger to undercover officers involved in the on-going investigation. Osborn also said that Bobo has drug business ties with a person named Mitch from Los Angeles. Mitch is believed to be Michael Simmons also known as Michael Harris. I believe this based on information received in bits and pieces from numerous informants and is supported by the fact that Mitch is supposed to operate a check cashing business in Los Angeles and Simmons also operates such a business in Los Angeles.

---

Any amended motion shall be verified by movant and shall be filed within thirty days of the date counsel is appointed or the entry of appearance by counsel that is not appoint-

ed. The court may extend the time for filing the amended motion for one additional period not to exceed thirty days.

At approximately 1600 hours on 02–14–90, I received a phone call from the management of the American Inn in Springfield. American Inn management has been involved in providing information on suspicious residents several times in the past which has resulted in the successful execution of search warrants and arrests of suspects on drug related charges. Management stated that at approximately 2:00 a.m. on 02–13–90, four persons and a baby registered in Rooms # 431 and # 432. Room # 432 is occupied by Allen Bobo and another unknown subject. Room # 431 is occupied by Michael Harris along with an unknown woman and child. Both of these rooms are on the third floor facing the pool and are next to each other but not adjoining. Management states that the occupants of both of these rooms are paying in cash one day at a time, have declined maid service and emphasized to management that they want no one in their rooms, and these rooms are receiving an unusually high number of incoming phone calls, approximately three calls an hour.

Management stated that there is no way to monitor outgoing calls unless long distance calls are made, and that one such long distance call had been made to 415–282–7818 for 32 minutes. Area code 415 is shown in the Southwestern Bell Springfield Telephone Directory as the San Francisco area. Subjects in both rooms have rental vehicles, and at the time that Bobo sold cocaine to an undercover officer he was in a rented vehicle.

This entire set of circumstances and facts has been proven in the past to be indicative of drug transaction activity, and numerous search warrants executed which were based on similar circumstances and facts have produced controlled substances in every instance.

Based on this information, I believe crack cocaine and drug proceeds are being kept at the above location.