The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Raymond Arthur PRICE,
Defendant–Appellant.

No. 92CA1744.

Colorado Court of Appeals,
Div. III.

April 20, 1995.

Rehearing Denied May 18, 1995.

Certiorari Denied Oct. 2, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., David R. DeMuro, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Cherner and Blackman, Barbara S. Blackman, Denver, for defendant-appellant.

Opinion by Judge HUME.

Defendant, Raymond Price, appeals the judgment of conviction entered on jury verdicts finding him guilty of escape, second degree kidnapping, first degree sexual assault, two counts of aggravated robbery, and three counts of holding hostages. We affirm.

While defendant was incarcerated in the Fremont County Jail on a class 1 felony conviction, he escaped and, during the 48–

hour period before his capture, July 7–9, 1991, committed the substantive offenses at issue here. He pled not guilty by reason of insanity and impaired mental condition.

A state-ordered psychiatric examination in November 1991 resulted in a determination that defendant was mentally competent.

During a pre-trial hearing on March 3, 1992, defendant dismissed the public defender who had been assigned to represent him and asked the court's permission to represent himself at the upcoming sanity trial. The trial court advised defendant regarding the waiver of his right to legal counsel, granted him permission to proceed *pro se,* and appointed advisory counsel to assist him.

On the afternoon of the second day of a three-day sanity trial, defendant asked the court to allow his advisory counsel to take over his defense. The court denied his request, finding that since defendant had knowingly and intelligently waived his right to counsel for the sanity proceeding, he could not change his mind mid-trial. The jury subsequently determined that defendant was legally sane.

Although the trial court then offered to appoint legal counsel for defendant in future proceedings, defendant elected to proceed *pro se* in the jury trial on the merits and was ultimately found guilty as charged. The trial court denied defendant's motion for a new trial, and this appeal followed.

## I.

■ Defendant first contends that he was denied his constitutional right to legal counsel during the sanity proceeding. He specifically argues that the trial court erred when it denied his mid-trial request to withdraw his waiver of that right. We disagree.

■ The fundamental right to counsel is guaranteed by the Sixth Amendment and is essential to a fair trial. *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Anaya v. People,* 764 P.2d 779 (Colo.1988).

■ Alternatively, a criminal defendant also has the right to self-representation. Colo. Const. art II, § 16; *Faretta v. Califor-*

*nia,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *People v. Arguello,* 772 P.2d 87 (Colo.1989). This right is conditioned on the requirement that a defendant must possess an intelligent understanding of the consequences of his actions. Thus, before a defendant can proceed *pro se,* he or she must first effect a valid waiver of the right to counsel. *People v. Arguello, supra.*

Here, defendant does not challenge the legitimacy of the trial court's conclusion that he knowingly and intelligently waived his right to counsel. Instead, the issue presented is whether, once a defendant makes a valid waiver of the right to counsel and proceeds *pro se,* the trial court must grant a mid-trial request to revoke this waiver and appoint legal counsel to represent the defendant.

■ One who elects to act as his or her own attorney must accept the burdens and hazards that accompany that decision. *Reliford v. People,* 195 Colo. 549, 579 P.2d 1145 (1978). Once having elected self-representation, a defendant cannot "whipsaw" the court between this constitutional right and his or her own ineffectiveness at trial. *People v. Lucero,* 200 Colo. 335, 615 P.2d 660 (1980).

■ However, there may be some circumstances in which a *pro se* defendant's performance is so inept as to demonstrate a fundamental inability to provide meaningful self-representation. Thus, the trial court must carefully monitor the proceedings in order to guarantee the fundamental fairness necessary to preserve a defendant's right to due process. *People v. Romero,* 694 P.2d 1256 (Colo.1985).

Here, after determining that defendant made a knowing and intelligent waiver of his right to legal representation, the trial court appointed an experienced advisory counsel to assist him during the sanity trial. Although that attorney did not actively take part in the proceeding, he sat at the defense table and consulted with defendant, and defendant was granted recesses for such consultation upon request.

Defendant claimed that he was becoming upset and could no longer think clearly

enough to continue his self-representation and asserted his incompetence to deal with the legal complexities of the proceeding. Nevertheless, the trial court was in a position to determine whether the advisory counsel's presence and participation were sufficient to ensure that defendant would receive meaningful representation in accordance with due process requirements.

We are aware of the existence of authority from other jurisdictions that supports the proposition that defendant now urges us to adopt. *See State v. Rickman,* 148 Ariz. 499, 715 P.2d 752 (1986) (a defendant may withdraw his waiver of counsel at any time). *See also Funderburg v. State,* 717 S.W.2d 637 (Tex.Crim.App.1986).

However, the conclusions in these cases result from interpretation of state statutes or rules that confer upon criminal defendants a right to revoke a valid waiver of counsel. No comparable statute or rule exists in the State of Colorado.

■ Therefore, we conclude that a trial court is not compelled to grant a criminal defendant's request to withdraw a valid waiver of the right to counsel, but must exercise its discretion in evaluating the circumstances surrounding the request.

Here, the record reflects defendant's familiarity with criminal proceedings and his ability to function in a *pro se* capacity, despite his protestations to the contrary when the request was made. Thus, we conclude that the trial court did not abuse its discretion in denying defendant's request to suspend his self-representation and appoint his advisory counsel to take over his defense.

## II.

■ Defendant next contends that the trial court erred in denying his motion for a mistrial. We perceive no error.

Here, during the sanity trial, defendant attempted to prove that he suffered from post-traumatic stress disorder (PTSD) as a result of his military service in Vietnam and thus was not legally responsible for his criminal acts.

During the prosecution's direct examination of a clinical psychologist who treated defendant in jail, the witness expressed his opinion that defendant had "faked" his military record and had never served in Vietnam. The trial court sustained defendant's objection to the testimony and instructed the jury to disregard it. The court denied defendant's motion for a mistrial after finding that, although the witness' answer was beyond the scope of an appropriate question, the court's instruction to the jury cured any possible prejudice to defendant.

■ A mistrial is a drastic remedy and is warranted only when the prejudice to the accused is so substantial that its effect on the jury cannot be remedied by any other means. *People v. Evans,* 886 P.2d 288 (Colo.App. 1994).

■ A trial court can better evaluate any adverse effect that improper testimony might have upon a jury than can a reviewing court. Thus, absent an abuse of discretion, the trial court's denial of a motion for mistrial will not be disturbed on review. *People v. Williams,* 42 Colo.App. 58, 595 P.2d 692 (1979).

■ Here, to minimize or nullify the effect of the witness' improper comments, the trial court instructed the jurors to disregard them. Absent a contrary showing, it is presumed they understood and heeded the court's instruction. *People v. Gillis,* 883 P.2d 554 (Colo.App.1994).

Considering the speculative nature of any prejudice to defendant, the fact that the prosecution did not intentionally elicit the remark, the peripheral nature of the comment, and the trial court's immediate curative instruction to the jury, we cannot conclude that its refusal to grant a mistrial was a gross abuse of discretion. *See People v. Jones,* 851 P.2d 247 (Colo.App.1993); *People v. Bell,* 809 P.2d 1026 (Colo.App.1990).

## III.

■ Finally, defendant asserts that the trial court improperly admitted the testimony of the prosecution's expert witness during the trial on the merits. Defendant claims that the expert's opinion about why a crimi-

nal defendant would have a reason to fabricate a military history was speculative and should not have been admitted as competent evidence. We disagree.

 The discretion of the trial court over the scope of expert testimony will not be disturbed on review absent a clear showing of abuse. *People v. Davis,* 187 Colo. 16, 528 P.2d 251 (1974).

 An expert may express an opinion based upon assumptions which have a reasonable basis in the evidence so long as the information is of the type reasonably relied upon by experts in the particular field of expertise. *See Koehn v. R.D. Werner Co.,* 809 P.2d 1045 (Colo.App.1990).

 Once a witness is qualified as an expert, the fact that the examination of the witness reveals that he or she cannot support an opinion with certainty goes only to the weight to be given the opinion and not its admissibility. *Marlow v. Atchison, Topeka & Santa Fe Ry. Co.,* 671 P.2d 438 (Colo.App. 1983).

Defendant did not object on the ground of irrelevancy of the proffered evidence. In fact, defendant had raised the issue of mental impairment resulting from service-connected PTSD as a defense to the criminal charges. In addition, he had repeatedly cross-examined other prosecution witnesses as to his mental condition resulting from his military service in Vietnam.

Defendant also did not contest the witness' expertise in the field of clinical psychology, which included extensive experience in treating criminals suffering from PTSD. Nor does defendant now assert that the expert's opinion was based upon information or observations not of the type reasonably relied upon by other clinical psychologists with similar experience. Instead, defendant argues that the expert's opinion was speculative and incompetent pursuant to CRE 602 because he had no personal knowledge of defendant's military record.

However, the expert did not give his opinion as to whether or not defendant actually served in Vietnam. His testimony was limited to describing, based on his experience, the

motivation for any criminal defendant to invent a military background.

Because the testimony was based upon his undisputed expertise in recognizing and treating PTSD, an issue central to the jury's understanding of defendant's mental condition, the trial court could properly have determined that the expert's opinion was competent pursuant to CRE 702 (if specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert may testify thereto in the form of an opinion or otherwise).

Thus, we cannot say, based on the record before us, that the trial court abused its discretion in admitting the contested testimony.

Judgment affirmed.

JONES and TAUBMAN, JJ., concur.