**STATE of Missouri, Respondent,**

v.

**Daniel PERKINS, Appellant.**

**No. KCD 29390.**

Missouri Court of Appeals,
Kansas City District.

July 3, 1978.

Albert A. Riederer, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Stanley H. Robinson, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

Daniel Perkins was convicted of two counts of first degree robbery under § 560.-135, RSMo. 1975 Supp. The court assessed punishment at ten years imprisonment on each count to be served consecutively.

On this appeal Perkins complains of an illegal search and seizure and of the excuse of a venireman for cause. Affirmed.

On August 6, 1976, at about 7:00 P.M., three black males committed an armed rob-

bery of a filling station at 5600 Troost in Kansas City. They first robbed an employee of about $40 and then robbed the manager of about $140. The three fled in an automobile. After the police were notified, an automobile answering the description of the getaway car was intercepted at 59th and Garfield by a police car. A chase ensued which terminated in the 5900 block of Olive when the three men jumped out of the car and fled in an easterly direction between houses. The police car immediately involved in the chase was in radio contact with another police car which was traveling approximately parallel on Wabash, one street east of Olive. Officer Roberts was a passenger in the police car on Wabash. Almost immediately after hearing the report that the men were on foot fleeing between houses toward the east, Roberts saw Perkins on the west side of Wabash walking north in a very rapid fashion. The police car pulled up and Roberts noted Perkins was breathing very heavily. Perkins wore stockings but no shoes. When the police car approached Perkins, he dropped something which Officer Roberts could not identify. Officer Roberts got out of the police car and called to Perkins to stop and raise his hands. Perkins complied and as Roberts approached he saw money extending from Perkins' front trouser pocket and a car key in his left hand. Roberts advised Perkins he was under arrest and performed a pat down. He also removed $180 from Perkins with $65 in $1 denominations. A quantity of dollar bills had been taken in the robbery. Roberts also determined the item dropped by Perkins when Roberts first observed him was a pair of sunglasses.

Perkins concedes there was sufficient evidence to permit a finding he was one of the three robbers involved, but challenges the legality of the search which produced the money. Perkins argues there was no probable cause for Roberts to arrest him and, therefore, there was no basis to support the subsequent search.

It was held in *State v. Dodson*, 491 S.W.2d 334, 336[1] (Mo. banc 1973) that the existence of probable cause for arrest depends upon the facts of each case. The court further stated the existence of probable cause " 'is determined by factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. It is a pragmatic question to be determined in each case in the light of the particular circumstances and the particular offense involved.' "

■ The question here involved is whether or not Officer Roberts had sufficient facts upon which to base a belief of probable cause that Perkins was one of the three men involved in the robbery. Although Roberts did not have a physical description of the three men except that they were black, he was traveling parallel with a police car actively chasing the car occupied by three blacks which had been described as the car in which the robbers fled. Almost immediately after he was advised the three men had left this car and were fleeing east on foot between the houses, he saw Perkins in the location he would expect to see people fleeing along the route described. Perkins was breathing heavily, and while not running he was walking very fast. When he became aware of the police car he dropped something and continued walking. He had on stockings but no shoes. Under these facts Officer Roberts was justified in stopping Perkins and when he drew close enough to Perkins to observe the money protruding from his pocket he had ample grounds to justify a belief that Perkins was one of the robbers being sought. This being true, the subsequent search was supported by a lawful arrest. *State v. Perry*, 499 S.W.2d 473 (Mo.1973).

■ Perkins' other point relates to the excuse of a venireman for cause. This venireman was examined with relation to the maximum penalty of life imprisonment for first degree robbery. The venireman stated he could not go along with life imprisonment for this crime. Further examination revealed he could consider a punishment of 20 years but anything beyond that would go against his grain.

Perkins argues this venireman should not have been excused under the holding in

*Witherspoon v. Illinois,* 391. U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). However, this point has been fully answered in *State v. Quinn,* 461 S.W.2d 812, 815 (Mo.1970). There the court said the exclusion of those veniremen who stated they had beliefs or scruples which prevented them from considering the full range of punishment was not prohibited by *Witherspoon.* In this case the venireman clearly indicated unwillingness and inability to consider the full range of punishment for robbery in the first degree. It was not error to excuse this venireman for cause.

Judgment affirmed.

All concur.