STATE of Missouri,
Plaintiff-Respondent,

v.

Donald Lamar BALL,
Defendant-Appellant.

No. 41011.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 16, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 14, 1979.

Robert C. Babione, Public Defender, J. Lawrence Clark, Asst. Public Defender, Leonard W. Buckley, Jr., St. Louis, for defendant-appellant.

George A. Peach, Circuit Atty., Douglas A. Forsyth, Asst. Circuit Atty., St. Louis, John Ashcroft, Atty. Gen., Richard F. Engel, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CLEMENS, Senior Judge.

On a charge of armed robbery, a jury found defendant guilty and fixed his punishment at five years in prison. He has appealed the ensuing judgment, raising only two procedural points.

■ First, defendant contends the court erroneously disqualified a prospective juror who declared she thought the offense would not warrant the minimum five-year sentence. This was a discretionary ruling and we find no clear abuse. Compare State v. Perkins, 568 S.W.2d 588[2] (Mo.App.1978).

■ By his second point defendant claims plain error during closing argument. Four witnesses had described defendant's physical appearance at the robbery and when arrested later, including the fact he had a gold tooth. At trial defendant did not show his teeth. In closing argument the prosecutor referred to the gold tooth testimony and said: "This has been a pretty tight-lipped trial for Mr. Ball because we haven't had much chance to see the gold tooth."

This challenged "tight-lipped" comment can be interpreted, as the state now contends, as a literal description of defendant's failure to expose his teeth during trial. Or, it might be interpreted, as appellate counsel now contends, as a figurative reference to

defendant's failure to testify. Apparently trial counsel did not so consider the remark because he neither objected at trial nor raised the point in defendant's after-trial motion.

Appellate relief for plain error is discretionary under Rule 27.20(c). It is limited to cases where there is a strong, clear showing of manifest injustice and where there is not, as here, overwhelming evidence of guilt. *State v. Meiers*, 412 S.W.2d 478[1] (Mo.1967); *State v. Hurtt*, 509 S.W.2d 14[2, 3] (Mo.1974). We find no such plain error.

Judgment affirmed.

REINHARD, P. J., and GUNN and CRIST, JJ., concur.