STATE of Missouri, Respondent,

v.

Emmitt Lyle FENTON, Appellant.

No. WD 32224.

Missouri Court of Appeals,
Western District.

Feb. 9, 1982.

David M. Strauss, Public Defender, 13th Judicial Circuit, Columbia, for appellant.

Kirk Lohman, Asst. Atty. Gen., John Ashcroft, Atty. Gen., Jefferson City, for respondent.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

NUGENT, Judge.

Defendant Emmitt Lyle Fenton appeals his conviction following a jury trial on a charge of selling 15.25 grams of marijuana in violation of § 195.020 [1]. The jury's verdict imposed a minimum sentence of five years pursuant to § 195.200.1(4). We affirm the judgment.

Seventeen-year old Fenton, at his own suggestion, acquired the marijuana for an undercover police officer. The officer observed Fenton approach an unidentified individual and speak to him as he sat in his parked car. Defendant then returned and told the officer that the other person had marijuana for sale. Thereupon the officer gave Fenton $40 which Fenton took to the stranger. Fenton came back with a clear plastic bag of a substance later identified as marijuana.

On appeal Fenton does not question the sufficiency of the evidence but relies on the single point that in selecting the jury the court erred in striking nine veniremen for cause on the basis of answers given in improper voir dire examination. He maintains that the dismissal of the prospective jurors was based upon their opinions of the marijuana laws without a showing that those opinions would have prevented them from fairly and impartially deciding the case in accordance with existing law.

On appeal the reviewing court will not disturb the trial judge's determinations of the qualifications of a prospective juror unless they are clearly against the evidence and constitute clear abuse of discretion. *State v. Treadway*, 558 S.W.2d 646 (Mo. 1977) (en banc); *State v. Jones*, 384 S.W.2d 554 (Mo.1964).

Seventy-seven pages of the transcript of the trial concern the voir dire of the venire. Only twenty-six pages were required to record the presentation of the evidence. At the voir dire the initial question of the prosecutor was: "I want to ask ... is there anybody on this panel who thinks this range of punishment is too harsh for the sale of marijuana?" That inquiry produced responses from fourteen veniremen who indicated some reservation regarding the harshness of the range of penalty of five years to life imprisonment for the marijuana offense. The prosecutor polled the fourteen asking each if he could put aside feelings about the range of punishment and vote to find guilt. Defense counsel then asked the panel if anyone would say: "[Y]es, in any case I can think of those penalties are too severe and if the evidence showed he was guilty, I wouldn't find him guilty, even though the law instructed me to". No one responded. The court next polled the fourteen asking, "[I]f you would refuse to consider the range of punishment of five years to life no matter what the factual circumstances might be, if that just seems so harsh to you that you would not be able to consider the range of punishment in any case." Thereafter, defense counsel asked: "My question to you is without hearing any of the circumstances of the case, are you telling the Court that you will refuse to follow their [sic] instruction?" Finally, the court made this statement:

1. All sectional references herein are to Revised Statutes of Missouri, 1978.

Ladies and gentlemen, sometime semantics is a thing that we all enjoy playing with. I need to ask, and I asked you originally, I need to know that you all will follow any instruction. I don't want to ask it in the negative way. I want to know that you all will follow any instruction, without any qualification. I would ask each of you who agrees to follow any instructions, without any qualification, as they are given to you in this case, to raise your hands, please.

The release of the nine panel members necessitated the calling of seven additional veniremen. After announcing the range of punishment to the panel, the prosecutor asked, "Anybody on the jury panel that could not consider that range of punishment if you were instructed by the Court?" Two veniremen responded. The defense counsel asked each of these veniremen, "[Y]our reservation about the rather strict range of punishment, would they affect you as far as your determination of guilt, because that's the first we are concerned with here." Each answered, "No". The state's challenges for cause of these two veniremen were overruled. No venireman who expressed a reservation about the range of punishment became a member of the jury.

■ Fenton argues that the exclusion of the veniremen whose consciences were shocked by the harshness of the range of penalties for a marijuana offense resulted in the empaneling of a prosecution-prone jury, denying him his rights under the Sixth and Fourteenth Amendments to a jury that is fair and impartial. In *State v. Mercer*, 618 S.W.2d 1 (Mo.1981), however, the Supreme Court en banc held at 7 that "the state has a significant interest in empaneling only those jurors who have stated that they can follow the law".

■ The court added that
[t]he exclusion of those venire persons who have stated unambiguously that they cannot, under any circumstances, consider a certain punishment permissible under the law does not violate representative cross-section requirements of the sixth and fourteenth amendments. *Spenkel-*

*link v. Wainwright*, 578 F.2d 582, 597 (5th Cir. 1978), *cert. denied*, 440 U.S. 976, 99 S.Ct. 1548, 59 L.Ed.2d 796 (1979). The right to a representative jury does not include the right to be tried by jurors who have explicitly indicated an inability to follow the law. *Lockett v. Ohio*, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978).

*Id.* Moreover, the court may excuse a venireman for cause if he clearly indicates unwillingness and inability to consider the full range of punishment for the offense charged. *State v. Ball*, 591 S.W.2d 715 (Mo. App.1979), and *State v. Perkins*, 568 S.W.2d 588, 590 (Mo.App.1978).

■ The object of the voir dire examination is not to determine whether the venire believes the law on a subject is good or bad. "Their opinions on the merits of the law were immaterial unless so unyielding as to preclude them from following the law under the court's instructions. That should have been the question asked." *State v. Mosier*, 102 S.W.2d 620, 624 (Mo.1937). Under this standard the first three questions of the prosecutor, the defense counsel, and the trial judge, respectively, were improper. The defense counsel's second question, "[A]re you telling the court that you will refuse to follow their [sic] instructions?" and the trial judge's request that "[E]ach of you who agrees to follow any instructions, without any qualification, as they are given to you in this case, . . . raise your hands . . ." were proper. Despite the fact that some of the answers to the previous improper questions were equivocal, the trial judge cured any error by asking the proper question and sustaining the challenge for cause of those jurors who, by their refusal to raise their hands, indicated that their "unyielding" opinions of the range of punishment would "preclude them from following the law under the court's instructions." The response, or lack thereof, was clear and unequivocal. *State v. Royal*, 610 S.W.2d 946, 950 (Mo.1981) (en banc).

Accordingly, we affirm the judgment.

All concur.