**Michael NUNN, Movant,**

v.

**STATE of Missouri, Respondent.**

**No. 60006.**

Missouri Court of Appeals,
Eastern District, Division Four.

Dec. 24, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 27, 1992.

Application to Transfer Denied
March 24, 1992.

Dave Hemingway, St. Louis, for movant.

William L. Webster, Atty. Gen., Joseph P. Murray, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Movant appeals denial of Rule 24.035 relief without an evidentiary hearing. Movant entered pleas of guilty to three felonies and two misdemeanors. He admit-

ted setting fire to an inhabitable structure in St. Louis County, Missouri on June 18, 1982. The court sentenced movant to serve a term of fifteen years imprisonment on Count I, arson in the first degree, § 569.040.1 RSMo 1978, and twenty years imprisonment on Count III, assault in the first degree, § 565.050.1 RSMo 1978. The court ordered the sentences on Counts I and III to be served consecutively. Other sentences on Count II, burglary in the first degree, § 569.160 RSMo 1978, and Counts IV and V, misdemeanor third degree assaults, did not increase the total term of thirty-five years.

Movant filed a motion contesting only the plea of guilty and sentence on Count III. He alleges and argues he was denied his right to effective assistance of counsel because plea counsel was ineffective in failing to challenge the charge of assault first degree which was barred by the Fifth Amendment to the United States Constitution and Article I, § 19 of the Missouri Constitution after conviction on the charge of arson first degree. Movant further argues his plea of guilty was not knowingly, intelligently, and voluntarily entered because a conviction for first degree assault, following his conviction for first degree arson, violated his right to be free of double jeopardy.

The motion court found movant was a prior and persistent offender; movant entered guilty pleas to five charges and was sentenced to a total term of thirty-five years pursuant to a plea bargain; and an evidentiary hearing was unnecessary because the court took judicial notice of the entire hearing at the time of entry of guilty pleas and sentencing. The court found the record of the plea proceedings showed a factual basis for the guilty pleas. It concluded the Rule 24.035 motion failed to plead or demonstrate facts which entitled movant to relief or which are not refuted by the record. The court also found movant failed to demonstrate any matters complained of were prejudicial. The court concluded, as a matter of law, the pleas of guilty were freely and voluntarily given and movant was not denied any rights guaranteed by federal and state constitutions.

■ If Count III is barred on double jeopardy grounds, defendant would be required to serve a total of twenty years on the other sentences. The thirty-five year total sentence is consistent with a plea agreement. In that sense, movant was not prejudiced when sentenced to a total term of thirty-five years. If Count III is barred as a matter of law, movant has been sentenced to serve a term of fifteen years greater than would be required if four sentences were permitted to stand and the sentence on Count III voided. That would violate the plea bargain. The sentence on Count III was part of a plea bargain for a total of thirty-five years on five counts. We note the court could have sentenced defendant on count I, arson, a class A felony, to a term of thirty years or life imprisonment, § 558.011.1(1) RSMo 1978. Because movant was a prior and persistent offender, the court could have sentenced movant on Count II, burglary in the first degree, a class B felony, to a consecutive term not to exceed thirty years, § 558.016.6(2) RSMo Cum.Supp.1981. In light of the plea agreement, if movant is entitled to relief on Count III then the state would be entitled to reopen all counts.

The underlying and basic issue raised in the motion for post conviction relief and maintained in this appeal is whether the assault first degree charge is barred by constitutional protection against double jeopardy after conviction on the arson charge where defendant's single act caused an inhabitable and inhabited structure to burn and caused serious injury to an occupant. We find no violation of double jeopardy protection.

■ In deciding whether several charges resulting from one act or occurrence may be prosecuted, Missouri courts have utilized the test set forth in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182 76 L.Ed. 306 (1932).

The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine

whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not. *Gavieres v. United States*, 220 U.S. 338, 342 31 S.Ct. 421 [422], 55 L.Ed. 489 and an authority cited. *State v. McCrary*, 621 S.W.2d 266 (Mo. banc 1981).

The *Blockburger* test focuses on the proof necessary to prove the statutory elements of each offense rather than the actual evidence to be presented at trial. *State v. Bowles*, 754 S.W.2d 902, 909 (Mo.App.1988).

 In the present case, since movant was convicted of first degree assault and first degree arson, the question is whether the offense of first degree assault requires proof of an additional fact which arson in the first degree does not, and whether the arson charge requires proof of an additional fact which the assault does not. In order to prove arson in the first degree, the state must prove defendant "knowingly damages a building or inhabitable structure, ... and thereby recklessly places such person in danger of death or serious physical injury." Section 569.040.1 RSMo 1978. Assault in the first degree does not require proof of knowing damage to an inhabitable structure. On the other hand, proof of a class A assault first degree may be proven by evidence of serious physical injury to another person, § 565.050.1 RSMo 1978, an element not necessary to prove arson. Arson may be proved without proving serious physical injury to another person. As these two crimes are defined a separate element or fact must be proven for each.

 Nor are the crimes lesser included offenses of one another. A lesser included offense is not included in the greater unless it is impossible to commit the greater without first committing the lesser. *State v. Seddens*, 624 S.W.2d 470, 473 (Mo.App. 1981); § 556.041 RSMo 1978. It is possible to commit arson in the first degree without first committing assault.

The Missouri Supreme Court resolved a similar issue in *State v. McCrary*, 621 S.W.2d 266 (Mo. banc 1981). The court held a defendant was not placed in double jeopardy for the same offense when he was charged and convicted of arson in the first degree and assault in the first degree. The court observed the separate elements of damage to an inhabitable structure for arson first degree and proof of serious physical injury for assault first degree where neither is an element of the other. *Id.* at 269. Under the 1978 version of § 565.050 there were other alternate elements of the crime of assault in the first degree not common to the crime of arson.

 Where defendant is not entitled to relief as a matter of law the deficiencies, if any, in the findings of fact and conclusions drawn by the motion court after denying an evidentiary hearing do not necessitate a remand for additional findings and conclusions. *State v. Williams*, 784 S.W.2d 276, 280 (Mo.App.1989).

The ruling on defendant's motion denying relief is affirmed.

SMITH, P.J., and AHRENS, J., concur.