STATE of Missouri, Respondent,

v.

PENDAS, Appellant.

Celestino PENDAS, Appellant,

v.

STATE of Missouri, Respondent.

Nos. WD 44863, WD 46997.

Missouri Court of Appeals,
Western District.

June 22, 1993.

Susan L. Hogan, Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P.J., and TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

Celestino Pendas was convicted of one count of selling a controlled substance, § 195.211, RSMo Supp.1990, and he was sentenced to a fifteen-year term of imprisonment in accordance with the jury verdict. On appeal, Pendas contends that the trial court erred by failing to strike a prospective juror for cause, by overruling his objection to a portion of the prosecutor's closing argument, and by incorrectly defining "reasonable doubt" in a jury instruction. He also appeals from the denial of his Rule

29.15 motion for post-conviction relief, claiming that his trial counsel was ineffective for failing to investigate or call a prospective witness. Affirmed.

In March 1990, Officer Rogers of the Kansas City Police Department went to an apartment on East Armour in Kansas City to attempt to make an undercover drug buy. Rogers made a purchase from a man in the apartment. Rogers obtained a search warrant and the next night returned to make a confirmation buy. On his second visit and prior to the execution of the warrant, Rogers knocked at the apartment door and a man identified as Pendas answered and asked Rogers what he needed. Rogers said he needed to buy a "20." Pendas told another man in the apartment that Rogers wanted a "20" and told the other man to give Rogers a "rock." The second man gave Rogers a rock which tested positive for cocaine base, or crack cocaine.

The search warrant was executed shortly after Rogers left the apartment. Pendas and a woman were the only people in the apartment when the warrant was executed. Rogers identified Pendas from two photographic lineups as the person who opened the door on his second visit.

During voir dire, the prosecutor asked the venire the following question:

Now, the punishment in this case will be five years—range from five years in the Missouri Department of Corrections to 15 years, and you will have to impose sentence in this case somewhere in that range. Is there anyone who cannot impose sentence within that punishment range?

There was no response to that question. Later, Pendas' trial counsel asked the venire if any of them felt that they could not be fair or impartial because the case involved the sale of cocaine. The following exchange occurred with venireperson Robert Peterson:

VENIREPERSON PETERSON: Yeah. As far as guilt or innocence, I don't have no problem with it; but if it were a guilty verdict, I would come down on the harder side. I would have a bias if we have anything to do with sentencing.

. . . . .

DEFENSE COUNSEL: Mr. Peterson, just to clarify things, what you are saying is that you think you could be fair and impartial as far as the guilt phase or not guilty phase of it, but you feel that your strong feelings toward this type of a crime involving the sale of drugs, because of your strong feelings, you would definitely come down on the hard side as far as sentencing is concerned?

VENIREPERSON PETERSON: Yes.

Later in the voir dire, the prosecutor posed the following question to the panel:

Thank you, Your Honor. The first question I have is just a general question. It is addressed to those people who answered the question that they cannot be fair and impartial because of their strong feelings about drugs, because it is understandable that you would have strong feelings about drugs. The question is, can you follow—sit and listen to the evidence and base your verdict upon that evidence and the instructions you are given? Is there anybody who cannot do that?

There was no response from the panel to that question.

■ Pendas claims that the trial court erred by overruling his request to strike venireperson Peterson for cause. Pendas contends that Peterson was not qualified to serve on the jury because he indicated that he could not consider the full range of punishment in imposing a sentence.

The trial court possesses broad discretion in determining the qualifications of prospective jurors, and its ruling on a challenge for cause will not be disturbed on appeal unless it constitutes a clear abuse of discretion and a real probability of injury to the complaining party. *State v. Feltrop*, 803 S.W.2d 1, 7[3] (Mo. banc 1991). The trial court is in a unique position to observe the demeanor of potential jurors and is better positioned to make a determination than this court can make from the record, and therefore, any doubts regarding the trial court's findings will be resolved in its

favor. *State v. Matthews,* 793 S.W.2d 481, 485 (Mo.App.1990).

Peterson made no response to the prosecutor's first question concerning whether anyone could not impose sentence within the range of punishment. Thereafter, Peterson stated that he would come down on the harder side of punishment. Later the prosecutor posed the question to those venirepersons who had strong feelings about drugs of whether or not they could listen to the evidence and base their verdict upon the evidence and the instructions given. There was no response from the panel to either question. The silence of the panel was the same as a response that they could impose sentence within the punishment range and base their verdict upon the evidence and the instructions. *Wingate v. Lester E. Cox Medical Center,* 853 S.W.2d 912, 916 (Mo. banc 1993).

In *State v. Leisure,* 749 S.W.2d 366, 372 (Mo. banc 1988), the court stated:

> In determining the existence of bias or prejudice, the test is whether an opinion held by a venireman will "readily yield to the evidence in the case, and that the juror will determine the issues upon the evidence adduced in court, free from bias." *State v. Wilson,* 436 S.W.2d 633, 638 (Mo.1969). Whether bias or prejudice exists is a finding of fact, the determination of which "is essentially one of credibility, and therefore largely one of demeanor." *Patton v. Yount,* 467 U.S. 1025, 1038, 104 S.Ct. 2885, 2892, 81 L.Ed.2d 847 (1984).
>
> \*　\*　\*　\*　\*　\*
>
> That a juror holds opinions about a case or about the penalty involved, however, is not automatic grounds for disqualification. The determinative question is not whether a venireman has an opinion. It is instead whether that opinion is of such intensity and holds such sway over the mind of a venireman that it will not yield to the evidence presented at trial.

Applying the principles stated in *Leisure* to this case reveals that Peterson was never asked directly if his strong feeling about

drugs was of such intensity and held such sway over his mind that it would not yield to the evidence presented at trial.[1] However, Peterson indicated by his silence that he could listen to the evidence and base a verdict on the evidence and instructions. *Wingate,* supra. From this the court could conclude that Peterson could consider the full range of punishment. The trial court refused to strike Peterson for cause and obviously credited his later indication that he would base a verdict solely on the evidence and the instructions.

As noted above, the question of whether or not Peterson possessed a bias or prejudice which prevented him from acting as a fair and impartial juror was a question of credibility and the trial judge who saw and heard the examination of the panel found that Peterson was able to hear the case fairly and impartially. This court does not find a clear abuse of discretion in the trial court's ruling and therefore finds the court did not err in refusing to strike Peterson for cause.

■ Pendas next contends that the court erred in overruling his objection to a portion of the argument made by the prosecutor. In closing argument the prosecutor urged the jury to "send a message by their verdict" to people who sell drugs in crack houses. She stated that she found it personally offensive for people to come into this country from another country and sell drugs.

Pendas contends that the prosecutor improperly appealed to the prejudices and passions of the jurors when she urged them to "send a message to those who sell drugs in crack houses," and when she, in effect, urged the jury to convict Pendas because he was from another country.

■ Obviously, it is not permissible for a prosecutor during closing argument to attempt to prejudice a jury against a defendant because of his country of origin. However, in the case at bar, Pendas did not object to this aspect of the prosecutor's

---

1. *Leisure* involved the death penalty but this court has applied the same test in other cases.

*State v. Fenton,* 628 S.W.2d 706, 708[4, 5] (Mo. App.1982).

argument. Instead, he objected on the grounds that she was personalizing. Similarly, Pendas did not object when the prosecutor urged the jury to "send a message to those who sell drugs in crack houses." Consequently, the complaint must be reviewed for plain error. *State v. Garmon,* 780 S.W.2d 721, 723[6–9] (Mo.App.1989).

Relief will be granted under the plain error rule only when a manifest injustice or a miscarriage of justice would inexorably result if the error were left uncorrected. *State v. Sidebottom,* 753 S.W.2d 915, 920 (Mo. banc 1988). Alleged errors in closing argument do not justify relief under the plain error rule unless they are determined to have a decisive effect on the jury. *Id.* [6, 7]. There was no plain error in the case at bar, as the prosecutor's isolated remarks fell far short of having a decisive effect on the jury.

Pendas next claims that the trial court erred in submitting a jury instruction which defined "proof beyond a reasonable doubt" as proof which leaves jurors "firmly convinced" of a defendant's guilt. Pendas contends that the instruction violated his due process rights because it allowed the jury to convict him based upon an impermissibly low quantum of proof.

However, the definition contained in the instruction has been upheld repeatedly. *State v. Blankenship,* 830 S.W.2d 1, 13[14] (Mo. banc 1992).

As his sole point on appeal from the denial of his Rule 29.15 motion, Pendas claims that his trial counsel was ineffective for failing to investigate or call a witness who could have provided exculpatory testimony. Pendas contends that Mildred Amadi, the resident of the apartment where the arrest was made, would have testified that Pendas was merely visiting the apartment on the night in question, and was not engaged in the sale of drugs. Pendas argues that the motion court erred by overruling this claim without an evidentiary hearing.

To be entitled to an evidentiary hearing on the issue of ineffectiveness of counsel, a movant seeking relief under Rule 29.15 must plead facts, not conclusions, which if true would warrant relief; the allegations must be unrefuted by the record; and the matters complained of must have prejudiced the movant. *State v. Jennings,* 815 S.W.2d 434, 448–449 (Mo. App.1991). Where, as here, the claim in a post-conviction proceeding is that trial counsel was ineffective for failure to investigate or produce witnesses, a movant must identify who the witnesses were, what their testimony would have been, whether or not counsel was informed of their existence, and whether or not they were available to testify. *State v. Dudley,* 819 S.W.2d 51, 56[8, 9] (Mo.App.1991). In the absence of such allegations no prejudice is shown to the movant by the alleged failure of counsel to secure the presence of witnesses. *Id.* Pendas failed to allege that his trial counsel was aware of the existence of this witness or that the witness could be located. Therefore, Pendas was not entitled to an evidentiary hearing. *Id.*

The judgments are affirmed.

All concur.