STATE of Missouri, Respondent,

v.

Joseph L. SIMMONS, Appellant.

Joseph L. SIMMONS, Appellant,

v.

STATE of Missouri, Respondent.

Nos. WD 46376, WD 48628.

Missouri Court of Appeals, Western District.

May 17, 1994.

Gary E. Brotherton, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Becky Owenson Kilpatrick, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and BERREY and SPINDEN, JJ.

BERREY, Judge.

Joseph Simmons appeals his jury conviction of first degree robbery, § 569.020, RSMo, attempted first degree robbery, § 564.011, RSMo and two counts of armed criminal action, § 571.015, RSMo.[1]

Appellant was sentenced by the court as a prior and persistent offender pursuant to §§ 557.036.4, 558.016, and 558.019, RSMo 1990, to fifteen years imprisonment on each count, to run concurrently. Appellant also appeals the dismissal of his Rule 29.15 motion without an evidentiary hearing. Pursuant to Rule 29.15(*l*), these appeals are consolidated.

Andrea Garcia and John Bishop drove Garcia's station wagon to a drive through car wash at 38th & Main in Kansas City, Missouri on July 29, 1991, at approximately 9:45 p.m. Bishop washed the car while Garcia remained seated therein. Shortly after they arrived, a man approached Bishop. Garcia described this person as being black, about 6' to 6½' tall and weighing about 180 pounds, wearing a black tank top, baggy blue jeans and a baseball cap and wearing a mustache. According to Garcia the car area was well lighted.

Garcia testified that she was no more than two feet away from appellant when he leaned into the window, pulled a gun from his trousers and ordered Garcia out of the car. Garcia testified that even though she was not wearing her contact lenses, she was so close that she could see appellant fairly well. She testified that the robbery took between five to seven minutes and that she had a "good look" at both robbers and their gun.

Appellant ordered Garcia to stand by Bishop and told both of them to give him their money. The victims had coins which they offered appellant and he refused. Bishop then offered his wallet to appellant and appellant stated, "What are you trying to do, set me up?" Appellant and his companion entered the station wagon and the companion drove off. As they drove past Garcia and

---

1. All statutory references are to Revised Statutes of Missouri, 1986, unless otherwise indicated.

Bishop, appellant stated that he should kill them and leave no witnesses. Garcia and Bishop, immediately thereafter, crossed the street to the Handy–Shop store and called the police.

The police responded to the scene and Officer Treat heard the dispatch and observed the vehicle taken at gun point from Garcia parked at 37th & Wyandotte. Treat put his spot light on the car and its occupants. The car started up and proceeded on. Treat followed and lost it temporarily. He found it moments later wrecked near 42nd and Baltimore. Treat observed two persons fleeing the car. Treat radioed in that information and several officers and the police helicopter responded. Appellant was found behind 4106 Baltimore and Treat identified him as the person he had chased.

Subsequently, Garcia picked out appellant's photograph from an array of photographs shown her by the Kansas City Police Department. Garcia identified defendant in open court during his trial.

Appellant alleges two points of trial court error and two points of motion court error as follows: 1) that the trial court erred by failing to exclude in court identification of appellant by Garcia; 2) the trial court erred by submitting Instruction # 4 defining reasonable doubt patterned after MAI–CR3rd 302.-04; 3) the motion court erred by denying appellant's 29.15 motion wherein he alleged ineffective assistance of counsel because counsel failed to investigate his alibi witness, Jimmy Oliver, and 4) the motion court erred by not entering sufficient findings of fact and conclusions of law in denying the appellant's 29.15 motion.

In his Point I, appellant complains that the trial court erred in permitting the victim Garcia to make an in court identification of appellant because her view of the photo array shown her by the police department was tainted. To determine if this is so, we use the two-pronged test set forth in *State v. Hornbuckle*, 769 S.W.2d 89, 93 (Mo. banc 1989), 1) was the pre-trial identification impermissibly suggestive and 2) if so, what impact did the suggestive procedure have upon the reliability of the identification made by the witness. "Identification testimony

will be excluded only when the procedure was so suggestive that it gave rise to a very substantial likelihood of irreparable misidentification." *Id.* at 93.

An identification made out-of-court does not invalidate a reliable in-court identification absent a showing that it was suggestive. *State v. Williamson*, 836 S.W.2d 490 (Mo.App.1992). To determine reliability, we look to the "totality of the circumstances" that surround the identification: 1) opportunity to view the criminal at the time of the crime; 2) degree of attention by the witness to the event; 3) accuracy of the witness' prior description of the suspect; 4) level of certainty of the witness; and 5) length of time between the crime and the identification. *State v. Surgeon*, 823 S.W.2d 63, 65 (Mo.App.1991). In the instant case, Garcia testified that she viewed the appellant five to seven minutes during the robbery. Garcia substantiated her attention by the detailed description she gave of appellant. She was positive in her identification of appellant when confronted by him and only a short period of time (6 months) had elapsed between the event and Garcia's in-court identification.

The fact that a witness is unable to make a positive identification from a photo array does not negate the reliability of their positive in-court identification. This goes to the credibility and may be subject to cross-examination. *State v. Hunn*, 821 S.W.2d 866, 869 (Mo.App.1991). Garcia testified that she made a tentative identification of appellant by identifying photograph no. 3. However, in her statement to the police department she stated she could not positively identify anyone in the photo array. This was so because she was not wearing her contacts at the time and the photos were fuzzy. This factor affects the weight one gives to her testimony not its admissibility. *State v. Miller*, 774 S.W.2d 578, 586 (Mo.App.1989). The trial court overruled appellant's objection to this out-of-court identification.

Appellant's Point I is denied.

Appellant's Point II has been repeatedly addressed by the appellate courts of this

state and just as repeatedly it has been denied. So it is once again. Appellant challenges MAI–CR3rd, 302.04, the reasonable doubt instruction. This argument was rejected in *State v. Griffin*, 818 S.W.2d 278 (Mo. banc 1991). The definition is constitutionally proper. *State v. Ervin*, 835 S.W.2d 905, 924 (Mo. banc 1992) *cert. denied*, —— U.S. ——, 113 S.Ct. 1368, 122 L.Ed.2d 746 (1993).

Appellant accepts the fact that the instruction has been approved by the Missouri Supreme Court and raises the point to preserve his federal constitutional claim.

Point II is denied.

For Point III, appellant alleges the motion court erred by overruling his Rule 29.15 motion without an evidentiary hearing. Appellant alleged his trial counsel was ineffective for failing to investigate his alibi witness.

■ Appellate review of the denial of a postconviction motion is limited to the determination of whether the findings of fact and conclusions of law are "clearly erroneous." Rule 29.15(j). *Moore v. State*, 827 S.W.2d 213, 215 (Mo. banc 1992). Findings and conclusions are clearly erroneous only if, after a review of the entire record, the reviewing court is left with the definite and firm impression that a mistake has been made. *Id.*

■ To establish a violation of his right to effective assistance of counsel, appellant must establish by a preponderance of the evidence that (1) counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that appellant was prejudiced by the ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Moore v. State, supra.* There must be a reasonable probability that, but for counsel's ineffectiveness, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.

■ To be entitled to an evidentiary hearing as to ineffective assistance of counsel, appellant must have pled facts, not conclusions, which if true would warrant relief; the allegations must be unrefuted by the record; and the matters complained of must have prejudiced the movant. *State v. Pendas*, 855 S.W.2d 512, 516 (Mo.App.1993). If the ineffective claim is for failing to investigate a witness, the movant must identify (1) who the witness was, (2) what the witness' testimony would have been, (3) whether or not counsel was informed of the witness' existence, and (4) whether or not the witness was available to testify. *Id.* If movant fails to make these allegations, no prejudice is shown for failure to secure the presence of witnesses. *Id.*

In his pro se motion, appellant alleged his trial counsel was ineffective because he:

1.) FAILED TO INTERVIEW, AND SUBPOENA ALIBI WITNESSES WHICH WERE AVAILABLE AND WOULD HAVE CORROBORATED MOVANTS (sic) STATEMENT THAT HE HAD JUST GOTTEN THAT RIDE AND WAS *NOT* AWARE THAT ANY ROBBERY HAD TAKEN PLACE, AND WAS IN ANOTHER PLACE AT THE TIME OF THE ROBBERY.

(Emphasis in original.)

Appellant's amended motion added:

c. Movant has provided counsel with additional factual support for *pro se* point 9(b)(1). One of the potential alibi witnesses is Jimmy Oliver ...

■ Appellant has failed to allege whether or not his counsel was *ever* informed or had knowledge of Mr. Oliver's existence. Without such an allegation, appellant's motion fails to show any prejudice for the alleged failure to investigate and secure the presence of his alibi witness. *State v. Pendas, supra.* Appellant's pleadings are not sufficient to warrant either an evidentiary hearing or relief in postconviction proceedings.

Point III is denied.

In Point IV appellant alleges the motion court erred in failing to enter sufficient findings of fact and conclusions of law in the denial of his Rule 29.15 motion. Appellant contends that such a failure deprives him of the opportunity for meaningful appellate re-

view on his 29.15 motion. The motion court, in ruling on appellant's 29.15 motion issued the following findings of fact and conclusions of law:

> Movant's First Amended Petition, filed June 4, 1993 is denied, the petition failing to allege facts, which, if true, would warrant relief, or that the matters complained of have resulted in prejudice to the movant's defense. No facts are alleged that reasonably suggest that the outcome of the trial would have been altered had the efforts suggested been accomplished by counsel during movant's trial.

There is no requirement in Missouri that the motion court enter itemized findings of fact and conclusions of law. *State v. Rowe*, 838 S.W.2d 103, 113 (Mo.App.1992). The only requirement is that the findings of fact and conclusions of law be sufficient for an appellate court to adequately review the issues raised and determine if the findings and conclusions were clearly erroneous. *Id.* Unless appellant is entitled to relief as a matter of law, deficiencies in the findings of fact and conclusions of law do not require a remand for additional findings and conclusions. *Nunn v. State*, 824 S.W.2d 63, 65 (Mo.App.1991).

We cannot conclude, as a matter of law, that appellant is entitled to relief. Appellant raised only one specific point of error in the motion court's ruling on the 29.15 motion. As previously stated, in our analysis of Point III, appellant failed to allege sufficient facts to require an evidentiary hearing or postconviction relief. Since the motion court's findings of fact and conclusions of law provide an adequate basis for appellate review, it is unnecessary to remand this cause for additional findings and conclusions. *Id.*

Point IV is denied.

Affirmed.

All concur.