STATE of Missouri, Respondent,

v.

Timothy R. CLARK, Appellant.

Nos. WD 48187, 50052.

Missouri Court of Appeals,
Western District.

Aug. 29, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 3, 1995.

Application to Transfer Denied
Nov. 21, 1995.

Susan L. Hogan, Appellate Defender, Kansas City, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before LAURA DENVIR STITH, P.J. and LOWENSTEIN and SPINDEN, JJ.

SPINDEN, Judge.

A jury found Timothy Clark guilty of assaulting a three-month-old Kansas City boy in July 1991. He complains that the circuit court erroneously instructed the jury concerning which of his prior convictions it could consider. He also contends that the state did not present sufficient evidence to support the jury's verdict, and he appeals the denial of his motion for post-conviction relief based on ineffective assistance of counsel. We affirm.

Clark's conviction resulted from severe injuries suffered by his girlfriend's infant son. Clark was watching the child on July 3, 1991, while the mother was away running errands. When the mother called to check on the boy, she heard him crying. Clark told her that the boy had rolled off the bed onto the carpeted concrete floor where he landed on his head. He said that the boy had "the wind knocked out of him" but did not seem to be hurt. The mother replied that a nurse who visited the home to monitor the boy's health problems would be arriving later that afternoon and instructed Clark to tell her of the incident.

When the nurse arrived at 3:45 P.M., Clark told her that the boy had fallen off the bed to the floor. He said that the child had turned white and had stopped breathing. During the nurse's examination of the boy, she noticed a bluish-purple bruise on his left ear and large swelling on the left side of his head. The boy arched his back and cried in a high pitch. The nurse believed that the cry's pitch indicated intracranial pressure. She called for an ambulance, and emergency personnel transported the boy to Truman Medical Center East. Clark told a hospital nurse that he feared being accused of child abuse.

A physician at Truman ordered the boy's transfer to Children's Mercy Hospital where a doctor found that he had a "wandering gaze" and was not "appropriately oriented" for his age. The doctor found a swollen, bluish bruised area on the left side of his head, and red and blue bruising on the inside of his left ear, on one of his eyelids, and on the bridge of his nose. The boy also had bluish-purple bruises on his abdomen, buttocks, and around his penis. He had red and blue pinpoint puncture marks on the soles of his feet.

The doctor diagnosed the boy as suffering a depressed skull fracture on the left side of his head and a subdural hematoma which covered his brain's surface. He also had brain swelling and subarachnoid bleeding apparently caused by a significant blow to the head.

The boy remained in the hospital for 18 days. Because of a period of oxygen deprivation to the brain, some of the cells on the right side of his brain died. The brain damage caused him to have seizures on the left side of his body during his first week in the hospital, and scarring on the right side of his brain which resulted in an ongoing tightening and contraction of his left arm.

At trial, Clark testified that the boy fell off of a full-sized bed while Clark was in the bathroom. The mother testified that she did not see any injuries to the boy when she left the house that day and that she had not struck or injured her son. She also testified that she had never seen the boy roll over before the day of the fall. Although the state charged Clark with assault in the first degree and sexual abuse in the first degree, the jury found him guilty of only the assault charge.

■ In his first point on appeal, Clark argues that the circuit court erred in giving the jury instructions concerning which of Clark's prior convictions it could consider in determining Clark's credibility. The circuit court gave the jury Instruction No. 11 modeled after MAI–CR 3d 310.10 which said:

> If you find and believe from the evidence that defendant was convicted of the offenses of Burglary, Theft, Forgery, two felony and two misdemeanor cases of Giving a Worthless Check, False Certification, and Falsely Reporting a Crime, you may consider that evidence for the sole purpose of deciding the believability of the defendant and the weight to be given to his testimony and for no other purpose. You must not consider such previous convictions as any evidence that the defendant is guilty of any offense for which he is now on trial.

The circuit court also submitted Instruction No. 12 modeled after MAI–CR 3d 310.12 which said:

> If you find and believe from the evidence that the defendant was involved in offenses other than the one for which he is now on trial, and other than the offenses mentioned in Instruction No. 11, you may consider that evidence on the issues of intent and absence of mistake or accident of the defendant. You may not consider such evidence for any other purpose.

Clark argues that the circuit court's submitting both instructions was contrary to the "Notes on Use," and its using MAI–CR 3d 310.12 improperly permitted the jury to consider Clark's prior convictions in determining whether he had the requisite mental state for the offenses.

Clark concedes that he did not preserve this point for our review but asks us to review the issue as "plain error" pursuant to Rule 30.20. "[U]nless a claim of plain error facially establishes substantial grounds for believing that 'manifest injustice or miscarriage of justice has resulted,' this Court will decline to exercise its discretion to review for plain error under Rule 30.20." *State of Missouri v. Vernon Brown*, 902 S.W.2d 278, 284 (Mo. banc 1995) (quoting Rule 30.20). Considering the notes accompanying MAI–CR 3d 310.10 specifically authorizing submitting both 310.10 and 310.12 in the situation before the circuit court in Clark's case, we do not discern plain error and, therefore, do not review the issue. *See* MAI–CR 3d 310.10, "Notes on Use" 3(g).

■ Clark next complains that the state failed to prove beyond a reasonable doubt that he caused the boy's injuries. We disagree. The mother testified that the injuries had not occurred before she left her son in Clark's care. She testified that she did not cause them. The nurse found the bruises to the boy's head when she examined the child that afternoon and Clark reported to her that they occurred while the boy was in his care. This was substantial evidence from which a reasonable jury could find Clark guilty beyond a reasonable doubt. Clark's point is without merit.

■ Finally, Clark contends that the court erred in denying his Rule 29.15 motion for post-conviction relief without an evidentiary hearing. Clark argues that his trial counsel was ineffective in three ways: (1) by failing to investigate and obtain copies of the boy's medical records; (2) by failing to secure expert medical testimony to challenge the state's expert testimony; and (3) by not objecting to the circuit court's submitting Instructions No. 11 and No. 12.

■ The circuit court did not err in denying Clark an evidentiary hearing. No hearing is required on a claim that an attorney failed to investigate unless the movant alleges the specific information that counsel failed to discover, that a reasonable investigation by counsel would have disclosed that infor-

mation, and that the information would have aided the movant's defense. *Green v. State,* 792 S.W.2d 15, 17 (Mo.App.1990). Clark's motion alleges, "[T]here is a reasonable probability that the outcome of the proceedings would have been different" had his counsel investigated the accuracy of the treating physician's opinion of the cause of the boy's injuries, had a medical expert in the area of shaken baby syndrome analyzed the medical records, and had a medical expert testified at trial to contradict the diagnosis and conclusions of the state's medical expert. Clark argues that a medical expert would have revealed that the conclusions of the state's medical expert were based on pure speculation.

These bare conclusions of what reviewing the medical records and retaining a medical expert might have accomplished are insufficient to entitle Clark to post-conviction relief. Clark did not identify the medical expert and the content of the expert's testimony or show that the expert would have testified if located. *See State v. Pendas,* 855 S.W.2d 512, 516 (Mo.App.1993); *State v. Lumpkin,* 850 S.W.2d 388, 396 (Mo.App.1993).

■ Clark's other claim of ineffectiveness is that his counsel failed to properly object to the instructions. We declined earlier to review the matter on direct appeal as plain error. Although we decline to review a matter as plain error, "[w]e will ... consider related claims of ineffective assistance of counsel for failure to preserve the alleged trial error under the test of *Strickland v. Washington,* 466 U.S. 668 [104 S.Ct. 2052, 80 L.Ed.2d 674] (1984)." *Brown,* at 284. The *Strickland* test requires more than an isolated incidence of mistake. It requires that the movant establish that his or her attorney's overall performance fell short of established acceptable levels of performance and that he was prejudiced by it.

Clark's claim does not satisfy the *Strickland* test. The notes on use accompanying MAI–CR 3d 310.10 suggest that giving both instructions was appropriate in this case. This alone does not suggest that the overall performance of Clark's attorney was unacceptable. Even if Clark were correct in his assertion that a reasonably-competent attor-

ney would have objected specifically to giving both Instruction No. 11 and Instruction No. 12, he would not be entitled to relief because we find no indication of overall incompetence. *Jones v. State,* 784 S.W.2d 789, 793 (Mo. banc), *cert. denied,* 498 U.S. 881, 111 S.Ct. 215, 112 L.Ed.2d 175 (1990). Competent performance overall—not errorless performance—was required of Clark's attorney.

■ Moreover, we fail to discern how Clark was prejudiced. Even had his attorney objected, the objection would not have had merit. We will not fault an attorney for not making a non-meritorious objection. *State v. Leady,* 879 S.W.2d 644, 648 (Mo.App. 1994).

■ The language of the instructions demonstrates the lack of merit of Clark's contention. Clark's prior convictions for forgery, passing a worthless check, burglary, and several misdemeanors were relevant to his credibility. Instruction No. 11 specifically told the jury that it could consider the convictions for the "sole purpose of deciding the believability of the defendant and the weight to be given to his testimony" and could not "consider such previous convictions as any evidence that the defendant is guilty of any offense for which he is now on trial." Instruction No. 12 was appropriate because Clark was charged only with inflicting injuries to the victim's head, but the jury also heard evidence of injuries to his buttocks, abdomen, and feet. The instruction allowed the jury to consider the additional injuries as evidence of Clark's intent, and to show the absence of an accident. Clark argues that Instruction No. 12 allowed the jury to consider his prior convictions as evidence of his intent to commit the assault. The language of Instruction No. 11 and Instruction No. 12 contradicts this argument. Instruction No. 12 told the jury that if it found that Clark was involved in "offenses other than the one for which he is now on trial, and other than the offenses mentioned in Instruction No. 11," it could consider that evidence on the issues of intent and absence of accident.

We fail to find any merit to Clark's contentions of error. We, therefore, affirm the

judgments of conviction and denial of his Rule 29.15 motion for post-conviction relief.

All concur.